## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.O.I.TEC SILICON ON INSULATOR TECHNOLOGIES S.A. and SOITEC USA, INC., <br><br> Plaintiffs/ Counterclaim Defendants, <br><br> v. <br><br> MEMC ELECTRONIC MATERIALS, INC., <br><br> Defendant/ Counterclaim Plaintiff. | JURY TRIAL DEMANDED <br><br> Civil Action No.: 05-806 |

## ANSWER TO COUNT II OF THE COMPLAINT
## AND COUNTERCLAIM FOR PATENT INFRINGEMENT

Defendant/counterclaim plaintiff MEMC Electronic Materials, Inc. (hereinafter "MEMC") is simultaneously filing herewith a Motion to Dismiss Counts I and III-VII of Plaintiffs' Complaint for Declaratory Judgment pursuant to Rule 12 of the Federal Rules of Civil Procedure. The following is MEMC's Answer to Count II of Plaintiffs' Complaint for Declaratory Judgment.

1.      MEMC is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 and, therefore, denies same.

2.      MEMC admits the averments contained in paragraph 2.

3.      MEMC admits the averments contained in paragraph 3.

4.      MEMC admits the averments contained in paragraph 4.

5.      MEMC admits this Court has subject matter jurisdiction over Count II of the Complaint. MEMC denies any remaining averments contained in paragraph 5.

6.     MEMC admits this Court has subject matter jurisdiction over Count II of the Complaint. MEMC denies any remaining averments contained in paragraph 6.

7.     MEMC admits that venue is proper in this judicial district as to Count II of the Complaint. MEMC denies any remaining averments contained in paragraph 7.

8.     MEMC admits that plaintiffs/counterclaim defendants S.O.I.TEC Silicon on Insulator Technologies S.A. and Soitec USA, Inc., (hereinafter "Soitec") sell silicon-on-insulator structures in the United States. MEMC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 8 and, therefore, denies same.

9.     MEMC admits that Exhibit 1 to Soitec's Complaint is a copy of a letter dated October 14, 2004 sent from Dr. Shaker Sadasivam of MEMC to Mr. Emmanuel Huyghe of Soitec and that the terms of the letter speak for themselves. MEMC denies any remaining averments contained in paragraph 9.

10.     MEMC admits the first sentence in paragraph 10. MEMC admits that the respective priorities for the '827, '302, '672 and '380 patents each include, at least, a priority claim as to U.S. Provisional Application No. 60/041,845, filed on April 9, 1997. MEMC further admits that the '827 patent was issued subject to a terminal disclaimer. MEMC denies the remaining averments contained in paragraph 10.

11.     MEMC admits that the '901 patent was issued to MEMC on February 1, 2005. MEMC admits that the respective priorities for the '901, '104 and '725 patents each include, at least, a priority claim as to U.S. Provisional Application No. 60/098,902, filed on September 2, 1998. MEMC admits that the '901 patent was issued subject to a terminal disclaimer. MEMC denies any remaining averments contained in paragraph 11.

12.    MEMC admits that Exhibit 2 to the Complaint is a copy of a letter dated October 21, 2005 from MEMC's Vice President and General Counsel to Soitec, and that the terms of this letter speak for themselves.  MEMC denies the remaining averments contained in paragraph 12.

13.    MEMC admits that Exhibit 3 is a copy of an email sent from Soitec's General Counsel to MEMC's Vice President and General Counsel dated November 11, 2005, and that the terms of the email speak for themselves.  MEMC denies any remaining averments contained in paragraph 13.

14.    MEMC admits that Exhibit 4 is a copy of an email sent from MEMC's Vice President and General Counsel to Soitec's General Counsel dated November 18, 2005, and that the terms of the email speak for themselves.  MEMC denies any remaining averments contained in paragraph 14.

15.    MEMC states that, after Soitec filed this lawsuit, MEMC filed a lawsuit in France against the first named Soitec plaintiff/counterclaim defendant for infringement of one of MEMC's European patents.  In the course of discovery in that lawsuit conducted in December, 2005, MEMC obtained silicon donor wafers (and related documents and information) used by Soitec in making its silicon on insulator structures.  Based on tests conducted on those wafers and the contents of the documents and information, MEMC believes that Soitec has infringed and continues to infringe U.S. Patent No. 6,236,104.  As presently advised, MEMC is unaware of any conduct on the part of Soitec in the U.S. that would infringe the other six patents listed in paragraph 15.  At the present time, therefore, MEMC has no intention of pursuing either Soitec entity in the United States with respect to any of the other patents listed in paragraph 15 based on MEMC's understanding of Soitec's present U.S. conduct and activity.  If there are any additional samples or documents which Soitec would like MEMC to review to determine if the present

3

dispute goes beyond the '104 patent, MEMC will promptly review such information and state its

position. Until such time, there is no justicable controversy with respect to the remaining patents

recited in paragraph 15. MEMC denies any remaining averments contained in paragraph 15.

## COUNT I

16.-21. MEMC has moved to dismiss Count I pursuant to Rule 12 of the Federal Rules of

Civil Procedure. Accordingly, no answer to Count I is due at the present time. MEMC denies

any remaining averments contained in Count I, paragraphs 16-21.

## COUNT II

22.     MEMC incorporates by reference its responses to the averments contained in

paragraphs 1-21 of Soitec's Complaint.

23.     MEMC admits the averments contained in paragraph 23.

24.     MEMC admits that there is a justicable controversy between MEMC and Soitec

concerning Soitec's infringement of U.S. Patent No. 6,236,104. MEMC denies the remaining

averments contained in paragraph 24.

25.     MEMC admits that an actual and justicable controversy exists between the parties

concerning Soitec's infringement of the '104 patent. MEMC denies the remaining averments

contained in paragraph 25.

26.     MEMC denies the averments contained in paragraph 26.

27.     MEMC denies the averments contained in paragraph 27.

## COUNTS III – VII

28. 57. MEMC has filed a Motion to Dismiss Counts III-VII pursuant to Rule 12 of the

Federal Rules of Civil Procedure. Accordingly, no answer to these counts is due at the present

time. MEMC denies any remaining averments contained in paragraphs 28-57.

## AFFIRMATIVE DEFENSES

58. U.S. Patent No. 6,236,104 (hereinafter "the '104 patent") is valid pursuant to 35 U.S.C. Sections 101, 102, 103 and 112.

59. Soitec directly and indirectly infringes the '104 patent.

60. The Complaint fails to state a claim upon which relief can be granted.

61. There is no justiciable controversy between the parties concerning Counts I and III-VII of the Complaint.

62. The Court has no subject matter jurisdiction over Counts I and III-VII of the Complaint.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

63. This Counterclaim arises under the patent laws of the United States. This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. Sections 1331 and 1338(a).

64. Venue for this Counterclaim is proper in this judicial district under 28 U.S.C. Sections 1391(c).

65. MEMC is a corporation organized and in good standing under the laws of Delaware. MEMC has a principal place of business in St. Peters, Missouri.

66. Upon information and belief, S.O.I.TEC Silicon on Insulator Technologies S.A. is organized under the laws of France and has a principal place of business in Bernin, France. Upon information and belief, Soitec USA, Inc. is a wholly owned subsidiary of S.O.I.TEC Silicon on Insulator Technologies S.A. and is a corporation organized under the laws of the Commonwealth of Massachusetts and has a principal place of business in Peabody, Massachusetts. These two Soitec entities are herein collectively referred to as "Soitec."

67. On May 22, 2001, the '104 patent was duly and legally issued to MEMC for an invention entitled, "Silicon on Insulator Structure From Low Defect Density Single Crystal Silicon." At all times since issuance of the '104 patent, MEMC has been and still is the owner of this patent, with the sole right to sue and recover for its infringement. A copy of the '104 patent is attached as Exhibit A.

68. Upon information and belief, Soitec has been and still is infringing, actively inducing infringement of, and knowingly contributing to the infringement of the '104 patent, by making, using, offering to sell, selling and/or importing silicon on insulator structures covered by claims of the '104 patent in the United States in violation of 35 U.S.C. Section 271. Soitec will continue to do so unless enjoined by the Court.

69. MEMC has been damaged by Soitec's infringement of the '104 patent and will continue to be damaged by such infringement in the future unless such infringement is enjoined by the Court.

WHEREFORE, MEMC respectfully prays that this Court enter Order providing that:

(a)     the '104 patent is not invalid under 35 U.S.C. Sections 101, 102, 103 and 112;

(b)     Soitec has infringed one or more claims of the '104 patent;

(c)     Soitec, and each of their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, be permanently enjoined from further infringement of the '104 patent;

(d)     MEMC be awarded damages in an amount to be determined at trial;

(e)     MEMC be awarded pre-judgment and post-judgment interest;

(f)     judgment be entered against Soitec on Counts I and III-VII of the Complaint, and that Counts I and III-VII, and each of them, be dismissed for lack of subject matter jurisdiction;

(g)     this is an exceptional case, pursuant to 35 U.S.C. §285, and awarding MEMC enhanced damages, reasonable attorney's fees, expenses and costs in this action; and

(h)     MEMC be granted such other and further relief as the Court deems just and proper in the premises.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, MEMC demands a trial by jury on all issues so triable.

Dated:  January 18, 2006                    CONNOLLY BOVE LODGE & HUTZ LLP


                                            By:   /s/ Paul E. Crawford
                                                Paul E. Crawford (I.D. #493)
                                                Patrician S. Rogowski (I.D. #2632)
                                                The Nemours Building
                                                1007 North Orange Street
                                                P.O. Box 2207
                                                Wilmington, DE 19899
                                                (302) 658-9141
                                                (302) 658-5614 (Fax)
                                                pcrawford@cblh.com
                                                progowski@cblh.com

                                                *Attorneys for MEMC Electronic Materials, Inc.*


**OF COUNSEL:**

Robert M. Evans, Jr. *(Of the Missouri Bar)*
David W. Harlan *(Of the Missouri Bar)*
Marc W. Vander Tuig *(Of the Missouri Bar)*
**SENNIGER POWERS**
One Metropolitan Square
16th Floor
St. Louis, MO 63102
(314) 231-5400
(314) 231-4342 (Fax)

## CERTIFICATE OF SERVICE

I, Paul Crawford, hereby certify that on this 18th day of January, 2006, I electronically

filed **MEMC ELECTRONIC MATERIALS, INC.'S ANSWER TO COUNT II OF**

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND**

**COUNTERCLAIM FOR PATENT INFRINGEMENT** with the Court Clerk using CM/ECF

which will send notification of such filing(s) to John L. Reed.   I hereby further certify that on

this 18th day of January, 2006, I have served this document on the attorneys of record at the

following addresses as indicated:


**VIA HAND DELIVERY**
John L. Reed
Denise Seastone Kraft
EDWARDS ANGELL PALMER
    & DODGE LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

**VIA U.S. MAIL**
George W. Neuner
Robert J. Tosti
Alan M. Spiro
Brian M. Gaff
EDWARDS ANGELL PALMER
    & DODGE LLP
101 Federal Street
Boston, MA 02110


Michael Brody
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601


Paul Crawford (Bar ID No. 493)