IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.O.I.TEC SILICON ON INSULATOR TECHNOLOGIES S.A. and SOITEC USA, INC., <br><br> Plaintiffs/ Counterclaim Defendants, <br><br> v. <br><br> MEMC ELECTRONIC MATERIALS, INC., <br><br> Defendant/ Counterclaim Plaintiff. | JURY TRIAL DEMANDED <br><br> Civil Action No.: 05-806 |

**MEMORANDUM IN SUPPORT OF
THE MOTION TO DISMISS COUNTS I AND III-VII OF THE COMPLAINT**

                Paul E. Crawford (I.D. #493)
                Patricia S. Rogowski (I.D. #2632)
                **CONNOLLY BOVE LODGE & HUTZ LLP**
                The Nemours Building
                1007 North Orange Street
                P.O. Box 2207
                Wilmington, DE 19899
                (302) 658-9141
                (302) 658-5614 (Fax)
                pcrawford@cblh.com
                progowski@cblh.com

                *Attorneys for MEMC Electronic Materials, Inc.*

**OF COUNSEL:**
Robert M. Evans, Jr. *(Of the Missouri Bar)*
David W. Harlan *(Of the Missouri Bar)*
Marc W. Vander Tuig *(Of the Missouri Bar)*
**SENNIGER POWERS**
One Metropolitan Square
16th Floor
St. Louis, MO 63102
(314) 231-5400
(314) 231-4342 (Fax)

Dated: January 18, 2006

**TABLE OF CONTENTS**

**PAGE**

I.  NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II. SUMMARY OF THE ARGUMENT ................................................................................... 2

III. STATEMENT OF FACTS .................................................................................................. 2

IV. ARGUMENT ....................................................................................................................... 3

    A.    There is no ripe case or controversy between the parties concerning Counts I and III-VII ............................................................................................. 3

    B.    The Court Should Exercise Its Discretion To Decline To Hear Counts I And III-VII ............................................................................................. 6

V. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Bell Atlantic Corp. v. MFS Communications Co., Inc.,*
    901 F.Supp. 835 (D.Del. 1995) ................................................................................ 6

*EMC Corp. v. Norand Corp.,*
    89 F.3d 807 (Fed. Cir. 1996) ..................................................................................... 7

*Fina Research, S.A. v. Baroid Limited,*
    141 F.3d 1479 (Fed. Cir. 1998) ................................................................................. 4

*Sierra Applied Sciences, Inc. vs. Advanced Energy Industries, Inc.,*
    363 F.3d 1361 (Fed. Cir. 2004) ................................................................................. 4

*Spectronics Corp. v. H.B. Fuller Co.,*
    940 F.2d 631 (Fed. Cir. 1991) ................................................................................... 4

*Super Sack Manufacturing Corp. v. Chase Packaging Corp.,*
    57 F.3d 1054 (Fed. Cir. 1995) ................................................................................... 4

*United Sweetener USA, Inc. v. The Nutrasweet Co.,*
    766 F.Supp. 212 (D.Del. 1991) ................................................................................ 6

*Wilton v. Seven Falls Co.,*
    515 U.S. 277, 115 S.Ct. 2137 (1995) ....................................................................... 6

**STATUTES**

28 U.S.C. § 2201(a) ................................................................................................................ 4

I. **NATURE AND STAGE OF THE PROCEEDINGS**

S.O.I.TEC Silicon on Insulator Technologies S.A. and Soitec USA, Inc., (hereinafter "Soitec") filed the Complaint seeking a declaratory judgment that seven patents owned by MEMC Electronic Materials, Inc. ("MEMC") were invalid and not infringed.

While the correspondence between the parties leading up to the filing did identify five of the seven U.S. patents (as well as three of MEMC's foreign patents) and did generally assert that infringement had occurred, MEMC did not specifically charge Soitec with infringing any particular U.S. patent.

After suit was filed here, MEMC filed suit against Soitec in France for infringement of the three MEMC foreign patents. MEMC obtained discovery in the French suit which included samples of the silicon wafers Soitec uses at its manufacturing facility in France in the course of making its "silicon on insulator" product. MEMC also obtained documents and information which further described Soitec's silicon on insulator products.

MEMC thereafter tested the Soitec wafers and determined that, based on MEMC's current knowledge of Soitec's activity in the United States, there is no present evidence of infringement for six of the seven patents. Absent evidence of such infringement, there is no ripe justiciable controversy between the parties and the Court lacks subject matter jurisdiction to adjudicate the validity or infringement of those six patents. The present motion thus seeks dismissal of Counts I and III-VII of the Complaint since these Counts assert the six patents for which there is no present evidence of infringement.

MEMC also filed a counterclaim to Count II for infringement of the seventh patent, U.S. Patent No. 6,236,104, which does present a justiciable controversy which is properly before the Court.

## II. SUMMARY OF THE ARGUMENT

There is no ripe justiciable controversy between the parties concerning six of the seven MEMC patents because MEMC has no evidence, based on its present understanding of Soitec's U.S. products, processes and manufacturing activity, that six of MEMC's patents are infringed.

There is thus no ripe justiciable controversy concerning Counts I and III-VII and so each of these Counts should be dismissed for lack of subject matter jurisdiction. To the extent any future evidence provides a basis for there to be infringement, only at that time could a justiciable controversy arise between the parties concerning any of the six patents.

To the extent Soitec wishes to provide MEMC with any additional wafer samples, documents or information beyond that provided by Soitec in France, MEMC will promptly state its position concerning such additional material. On the present record, however, such a future evidentiary submission cannot support a present declaratory judgment action between the parties.

There is infringement of the seventh patent, the '104 patent asserted by Soitec in Count II of the Complaint, on which MEMC is filing a counterclaim for infringement. Count II should thus proceed as should MEMC's counterclaim for infringement of the '104 patent. Since the Court has subject matter jurisdiction over MEMC's counterclaim concerning Count II, any defect in subject matter jurisdiction for Count II has been cured.

## III. STATEMENT OF FACTS

Beginning on February 11, 2004, the parties have been exchanging correspondence concerning their respective patent rights. Attached as Exhibits A through K are copies of this correspondence.

As seen from the correspondence, MEMC had identified five of the seven patents on which Soitec filed suit; however, two of the patents (U.S. Patent Nos. 6,849,901 and 6,409,827)

were never even identified. While MEMC did make general statements about "infringement" based on information gleaned from public sources, MEMC did not assert that any particular U.S. patent against any particular Soitec product.

Then, on November 21, 2005, Soitec filed the Complaint for Declaratory Judgment against MEMC alleging invalidity and/or non-infringement of United States Patent Nos. 5,919,302; 6,236,104; 6,254,672; 6,287,380; 6,342,725; 6,849,901; and 6,409,827 in Counts I – VII, respectively.

MEMC thereafter filed suit against Soitec in France for infringement of three of MEMC's foreign patents which cover some of the raw materials used by Soitec in France for making Soitec's silicon on insulator product. In accordance with French law, MEMC requested and received a seizure order from the First Instance Court in Lyon for seizure of Soitec "donor" wafers and documents and information concerning the manufacture of Soitec's silicon on insulator product.

MEMC conducted the seizure pursuant to the order on December 15, 2005 at Soitec's production facility in Bernin, France. MEMC tested the seized donor wafers and determined that Soitec does infringe the '104 patent which is the subject of Count II of Soitec's Complaint here. However, there is no evidence of infringement for the other six patents corresponding to Counts I and III-VII, United States Patent Nos. 5,919,302; 6,254,672; 6,287,380; 6,342,725; 6,849,901; and 6,409,827.

IV.   **ARGUMENT**

   A.   **There is no ripe case or controversy between the parties concerning Counts I and III-VII**

Counts I and III-VII of the Complaint should be dismissed because no ripe controversy exists regarding infringement of the respective patents. An actual controversy must exist

3

between the parties before a court can administer declaratory judgment relief. 28 U.S.C. § 2201(a). An actual controversy must exist at the time the complaint is filed and must continue to exist throughout all stages of review. *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). The burden is on the plaintiff to establish that the actual controversy exists at the time of the filing of the complaint and all times subsequent to filing. *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634-36 (Fed. Cir. 1991). *See also Sierra Applied Sciences, Inc. vs. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004).

In patent-based declaratory judgment suits, there is a two-prong test to determine the existence of an actual controversy: "There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Sierra Applied Sciences* at 1373. Even if both prongs of the actual controversy test are met, "changed circumstances" can result in dissipation of the threat. Changed circumstances act to vitiate any past existence of an actual controversy. *Fina Research, S.A. v. Baroid Limited*, 141 F.3d 1479, 1484 (Fed. Cir. 1998).

Here, MEMC and Soitec exchanged correspondence about their respective patent rights. No product information had been exchanged between the parties, nor had positions as to whether any particular product infringed any particular patent. Indeed, two of the patents (U.S. Patent Nos. 6,849,901 and 6,409,827) on which plaintiff brought suit are not even identified in that correspondence.

Yet Soitec rushed to file its declaratory judgment complaint in the midst of this evolving negotiation between the parties.

MEMC's subsequent discovery from the French suit has shown that Soitec does not manufacture its silicon on insulator product in the United States, nor does it purchase the wafers used as raw materials in making the product in the United States. Assuming this is true, and MEMC has no knowledge of evidence to the contrary, four of the patents cover raw materials (and processes for making same) purchased and used by Soitec in the manufacturing process outside the United States and so there can be no infringement of those four patents – U.S. Patent Nos. 5,919,302; 6,254,672; 6,287,380 and 6,409,827 – on the present record. If Soitec has different information, it should come forward with it. Otherwise, there is no justiciable controversy as to these four patents and Counts I, III, IV and VII should be dismissed.

MEMC's subsequent discovery in the French suit included the oral statement of a Soitec employee under threat of criminal prosecution that the "handle" wafer used in the Soitec silicon on insulator product is not COP free. On this basis, MEMC was precluded from obtaining samples of Soitec's handle wafers. Assuming it is true that Soitec does not use COP free handle wafers, then it is quite possible that two more of the patents – U.S. Patent Nos. 6,849,901 and 6,409,827 – are not infringed. And if Soitec has evidence that such handle wafers contain agglomerated defects from the center to the edge of such wafers, as the above oral statement of the Soitec employee suggests, then there is no infringement of these two patents, either. MEMC has no evidence of such infringement so, on the present record, there is no ripe justiciable controversy between the parties on these two patents. If Soitec has different information, it should come forward with it. Otherwise, Counts V and VI should be dismissed for lack of a ripe controversy.

In short, Soitec filed this suit in the midst of negotiations between the parties concerning their respective patent rights, and before the exchange of significant product information which

could bring clarity to the present situation. Pending additional information from Soitec, Counts I and III-VII should be dismissed.

### B. The Court Should Exercise Its Discretion To Decline To Hear Counts I And III-VII

Counts I and III-VII should be dismissed as no ripe justiciable controversy exists between the parties concerning the underlying patents. Even when a court has jurisdiction to hear a declaratory judgment action, the court can still exercise its sound discretion and dismiss the case.

As the Supreme Court has explained:

> "There is...nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action. Borchard, Declaratory Judgments, at 313. By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995 (footnote omitted). *See also Bell Atlantic Corp. v. MFS Communications Co., Inc.*, 901 F.Supp. 835, 850 (D.Del. 1995).

In a patent proceeding, courts have inherent power to manage their dockets and stay proceedings. *United Sweetener USA, Inc. v. The Nutrasweet Co.*, 766 F.Supp. 212, 215 (D.Del. 1991). Under the Declaratory Judgment Act, a court should refuse to proceed if it finds that a declaratory judgment action will not serve a useful purpose or is otherwise undesirable. *Id.* at 216.

Even where "there is an actual controversy between the parties . . . the district court is [not] required to exercise that jurisdiction." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813 (Fed.

Cir. 1996). In particular, "a court may take into account the pendency of serious negotiations . . . in determining to exercise jurisdiction over a declaratory judgment action." *Id.* at 814. This is especially so where a declaratory judgment complaint is filed "as a tactical measure . . . to improve [the declaratory plaintiff's] posture in ongoing negotiations – not a purpose that the Declaratory Judgment Act was designed to serve." *Id.* at 815.

In this case, in the midst of negotiations, there is no present evidence showing infringement of six of the patents based on MEMC's present understanding of Soitec's U.S. activities. Continuation of the case as to these Counts thus serves no useful purpose. In the Court's discretion, declaratory judgment counts which serve no useful purpose should be dismissed.

## V.   CONCLUSION

There is no ripe justiciable controversy between the parties concerning six of the seven patents on the present record. Counts I and III-VII of the Complaint should be dismissed for lack of subject matter jurisdiction.

Dated:  January 18, 2006         CONNOLLY BOVE LODGE & HUTZ LLP

                                 By: */s/ Paul E. Crawford*
                                     Paul E. Crawford (I.D. #493)
                                     Patricia S. Rogowski (I.D. #2632)
                                     The Nemours Building
                                     1007 North Orange Street
                                     P.O. Box 2207
                                     Wilmington, DE 19899
                                     (302) 658-9141
                                     (302) 658-5614 (Fax)
                                     pcrawford@cblh.com
                                     progowski@cblh.com

                                     *Attorneys for MEMC Electronic Materials, Inc.*

**OF COUNSEL:**

Robert M. Evans, Jr. *(Of the Missouri Bar)*
David W. Harlan *(Of the Missouri Bar)*
Marc W. Vander Tuig *(Of the Missouri Bar)*
**SENNIGER POWERS**
One Metropolitan Square
16th Floor
St. Louis, MO 63102
(314) 231-5400

## CERTIFICATE OF SERVICE

I, Paul Crawford, hereby certify that on this 18th day of January, 2006, I electronically filed the **MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS COUNTS I AND III-VII OF THE COMPLAINT** with the Court Clerk using CM/ECF which will send notification of such filing(s) to John L. Reed. I hereby further certify that on this 18th day of January, 2006, I have served this document on the attorneys of record at the following addresses as indicated:

**VIA HAND DELIVERY**
John L. Reed
Denise Seastone Kraft
EDWARDS ANGELL PALMER
    & DODGE LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801

**VIA U.S. MAIL**
George W. Neuner
Robert J. Tosti
Alan M. Spiro
Brian M. Gaff
EDWARDS ANGELL PALMER
    & DODGE LLP
101 Federal Street
Boston, MA 02110

Michael Brody
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

/s/ Paul E. Crawford
Paul Crawford (Bar ID No. 493)