**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| S.O.I.TEC SILICON ON INSULATOR TECHNOLOGIES S.A. and SOITEC USA, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br> v. <br><br> MEMC ELECTRONIC MATERIALS, INC., <br><br> Defendant and Counterclaim Plaintiff. | **JURY TRIAL DEMANDED** <br><br> Civil Action No.: 05-806-KAJ |

**PROTECTIVE ORDER GOVERNING DISCOVERY MATERIALS**

WHEREAS, discovery and trial in the above-entitled action may involve the production or disclosure of trade secrets or sensitive commercial, financial or business information,

WHEREAS, there is good cause for protecting the parties' trade secret and confidential information from unnecessary disclosure because, *inter alia*, disclosing such information to a competitor would put the parties at a competitive disadvantage, and

WHEREAS, counsel for the parties herein, have consented to entry of this Protective Order;

IT IS HEREBY ORDERED:

1. <u>Applicability</u>. The terms of this Protective Order shall apply to all information, documents or things, which a disclosing party may designate as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in connection with this litigation.

## I. **DEFINITIONS**

2. CONFIDENTIAL INFORMATION is information that the producing party in good faith believes is used by it in, or pertaining to, its business, which information is not generally known and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. Examples of CONFIDENTIAL INFORMATION include, but are not limited to, customer information, marketing information, manufacturing information, and non-public product information.

3. ATTORNEYS' EYES ONLY INFORMATION is CONFIDENTIAL INFORMATION deemed by any entity producing that information to require special protection. Examples of ATTORNEYS' EYES ONLY INFORMATION include, but are not limited to, non-public financial information, strategic plans, long range plans, internal costs data, contracts and agreements with third parties, research and development documents, pending unpublished patent applications that have not previously been disclosed by one party to the other, trade secrets, information concerning future products, proprietary engineering information not available to the public, proprietary information concerning suppliers, manufacturing and manufacturing processes not available to the

public, and any other technical or business information that a party or third party in good faith regards as critical competitive sensitive information.

4. PROTECTED INFORMATION means information that is either CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

5. DOCUMENTS mean all documents and things within the scope of Fed. R. Civ. P. 34, including, but not limited to, pleadings, correspondence, memoranda, bulletins, microfiche, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversation, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, computer discs or tapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes, reports, instructions. DOCUMENTS includes items in written, oral, electronic, graphic/pictorial, audiovisual, or other form.

6. TRIAL COUNSEL means attorneys of the firms Edwards Angell Palmer & Dodge LLP, and Winston & Strawn LLP for Plaintiffs Soitec S.A. and Soitec USA, Inc. (collectively, "Soitec"); and Senniger Powers and Connolly Bove Lodge & Hutz LLP for Defendant MEMC Electronic Materials, Inc. ("MEMC"), staff, and supporting personnel regularly employed or specially contracted by the attorneys, such as, for example, paralegals, legal secretaries, legal clerks stenographic reporters, translators, litigation support vendors, or graphics or jury consultants.

7. IN-HOUSE COUNSEL means attorneys/legal managers (and their stenographic, clerical and/or paralegal staff) employed by the parties within their in-house legal staff.

8. INDEPENDENT EXPERT for a party means any person with whom counsel may deem it necessary to consult concerning technical and/or financial information received, or concerning other aspects of this case, for the preparation or trial thereof. INDEPENDENT EXPERTS shall exclude the receiving party's employees.

## II. DESIGNATION AND IDENTIFICATION OF INFORMATION

9. CONFIDENTIAL INFORMATION. Any document or thing containing or including any CONFIDENTIAL INFORMATION shall be designated as such by the producing party or third party by stamping or labeling it with, or otherwise affixing thereto, the following legend:

"CONFIDENTIAL"

10. ATTORNEYS' EYES ONLY INFORMATION. Any document or thing containing or including any ATTORNEYS' EYES ONLY INFORMATION shall be designated as such by the producing party or third party by stamping or labeling it with, or otherwise affixing thereto, the following legend:

"CONFIDENTIAL: ATTORNEYS' EYES ONLY"

11. Designation of other disclosures. All PROTECTED INFORMATION not reduced to documentary or tangible form or that cannot conveniently be designated in the manner set forth above shall be designated by the producing party by informing the receiving party in writing within thirty (30) days of disclosure to the receiving party.

12. Preliminary designation of documents being inspected. In the event the producing party elects to produce PROTECTED INFORMATION for inspection, the producing party in advance of the initial inspection need make no marking. For purposes of this initial inspection, all documents produced will be considered as having been

4

marked ATTORNEYS' EYES ONLY.  Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

13. <u>Inadvertent production</u>.  In the event that any producing party discovers, after it has produced PROTECTED INFORMATION, that it has inadvertently produced PROTECTED INFORMATION that has not been correctly designated as such, the producing party may correct that error by designating in writing, specifically identifying the PROTECTED INFORMATION, and the confidential nature of the document. Henceforth, the parties agree to treat that information in accordance with this Protective Order and TRIAL COUNSEL shall retrieve all copies of such information from any person who would not have been allowed access to the information had it been properly designated.

14. <u>Inadvertent production – privilege and/or work product</u>.  In the event that any producing party inadvertently produces information protected by any privilege or the work product doctrine, that disclosure is inadvertent.  On the request of the producing party for the return of privileged or work product information, such information shall be returned to the producing party and no waiver of any privilege or immunity from disclosure shall have occurred if, and only if, such request is made within ten (10) business days of discovery of the inadvertent disclosure.

15. <u>Designation of deposition testimony</u>.  Whenever a deposition taken on behalf of any party involves a disclosure of PROTECTED INFORMATION:

    a) the deposition or portions thereof shall automatically be deemed ATTORNEYS' EYES ONLY INFORMATION;

    b) within thirty (30) business days after a party's receipt of the deposition transcript the party shall designate in writing to the other party to this litigation those portions of the transcript designated PROTECTED INFORMATION.  If a party fails to designate portions under this paragraph within the thirty (30) business day period, and that party is notified in writing of its failure to designate by the other party, the transcript shall be treated as not confidential; and

    c) either party shall have the right to exclude from attendance at the deposition, during such time as the PROTECTED INFORMATION is to be disclosed, every individual excluding the deponent, the Court Reporter, and those individuals authorized under this Protective Order to receive the PROTECTED INFORMATION.

**III.   ACCESS TO INFORMATION**

16. <u>Restrictions on use and disclosure – ATTORNEYS' EYES ONLY INFORMATION</u>.  All information designed as ATTORNEYS' EYES ONLY INFORMATION shall be treated as confidential by the receiving party, shall not be used by the receiving party for any purpose other than in connection with this litigation unless and until such designation is removed by agreement of TRIAL COUNSEL or by Order of the Court, and shall not be disclosed by any receiving party to anyone other than the

6

Court, TRIAL COUNSEL, one in-house counsel for a party provided that, prior to receiving ATTORNEYS' EYES ONLY INFORMATION, such in-house counsel executes the Non-Disclosure Agreement attached hereto as Exhibit A, independent document copiers, court reporters and videographers, litigation support vendors (including document coding firms, electronic discovery firms, jury and graphics consultants, and the like) retained by TRIAL COUNSEL, INDEPENDENT EXPERTS retained for this litigation, and certain other individuals as provided for below in paragraph 18.

17.  Restrictions on use and disclosure – CONFIDENTIAL INFORMATION. All information designated as CONFIDENTIAL INFORMATION shall be treated as confidential by the receiving party, shall not be used by the receiving party for any purpose other than in connection with this litigation unless and until such designation is removed by agreement of TRIAL COUNSEL or by Order of the Court, and shall not be disclosed by any receiving party to anyone other than the Court, TRIAL COUNSEL, independent document copiers, court reporters and videographers, litigation support vendors (including document coding firms, electronic discovery firms, jury and graphics consultants, and the like) retained by TRIAL COUNSEL, INDEPENDENT EXPERTS retained for this litigation, certain other individuals as provided for below in paragraph 18 and no more than five (5) officers, directors or employees of the receiving party (including in-house counsel) provided that each officer, director or employee, prior to receiving CONFIDENTIAL INFORMATION, executes the Non-Disclosure Agreement attached hereto as Exhibit A.

18. <u>Disclosure in certain circumstances</u>. With respect to documents designated as including PROTECTED INFORMATION, any officer, director, employee, attorney, or agent of the producing party, and any person indicated on the face of the document to be an originator or author or recipient thereof may be shown the document. With respect to former officers, directors, employees, attorneys, or agents, any document designated as including PROTECTED INFORMATION may be shown to any former officer, director, employee, attorney, or agent of the party that produced the document so designated, during the deposition of that former officer, director, employee, attorney or agent, if the PROTECTED INFORMATION contained in the document so designated was in existence during the period of the former officer's, director's, employee's, attorney's or, agent's relationship with the producing party and, in the case of a former employee, if the document indicates on its face that the former employee was the originator or author or a recipient of the document.

19. <u>Disclosure to INDEPENDENT EXPERTS</u>. If a party wishes to disclose PROTECTED INFORMATION to an INDEPENDENT EXPERT, the INDEPENDENT EXPERT shall agree in writing, in the form attached hereto as Exhibit A to this Protective Order, to be bound by the provisions of this Protective Order, before being shown such material, and the party seeking to disclose the PROTECTED INFORMATION shall serve on opposing counsel a copy of Exhibit A as signed by the INDEPENDENT EXPERT and a copy of the INDEPENDENT EXPERT'S curriculum vitae that includes a description of all relationships between the INDEPENDENT EXPERT and either party between the present time and the previous five (5) years. No PROTECTED INFORMATION shall be disclosed to such INDEPENDENT EXPERT if within five (5) business days after service of the

signed Exhibit A, counsel receiving the signed Exhibit A serves a Notice of Objection setting forth each objection and the basis for such. The parties agree that they will only interpose good faith objections. If an objection is timely made the opposing party shall within ten (10) business days of the date of the objection move the Court for a Protective Order. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted. Failure to move for a Protective Order within that time frame shall be deemed a withdrawal of the objection. All notifications and objections made pursuant to this provision shall be in writing and served by facsimile or same-day hand delivery. No disclosure of PROTECTED INFORMATION shall be made until the parties resolve the matter, the objection is withdrawn, or the Court denies the opposing party's motion for a Protective Order.

20.   <u>Persons prohibited from access to ATTORNEYS' EYES ONLY INFORMATION</u>. The following persons may not have access to ATTORNEYS' EYES ONLY INFORMATION pursuant to Paragraph 16: any person participating in the preparation or prosecution of any pending patent application that (i) is assigned to, licensed to, or was filed on behalf of a party to this litigation, and (ii) relates to silicon SOI wafers (including any process involved in making such wafers, the materials incorporated into such wafers, or the wafers themselves), which is the subject matter of the patent at issue in this litigation, provided, however, a person otherwise prohibited from accessing ATTORNEYS' EYES ONLY INFORMATION under this paragraph is authorized access to ATTORNEYS' EYES ONLY INFORMATION that tends to refute or corroborate whether a document or thing is prior art or that constitutes test results of allegedly infringing articles.

IV. **OTHER PROVISIONS**

21. <u>Custody of PROTECTED INFORMATION</u>. Except as provided in the last sentence of this paragraph, all documents and things embodying PROTECTED INFORMATION, and any and all reproductions thereof, shall be regularly retained by the receiving party in the custody of TRIAL COUNSEL. This paragraph does not prevent individuals from retaining PROTECTED INFORMATION (that they are qualified to see under this Protective Order) for limited times as may be required for the receiving party's preparation for trial.

22. <u>Filing under seal</u>. Any document produced in discovery, answers to interrogatories, deposition transcripts, or other documents that are filed with the Court for any purpose and which incorporate information that is designated PROTECTED INFORMATION shall be filed under seal in accordance with the local rules and practice of the District of Delaware and the judge presiding in this case.

23. <u>Filing under seal – Clerk's duty</u>. The Clerk of the Court shall accept all documents filed with the Court pursuant to paragraph 22 of this Protective Order. The contents therein shall be kept under seal and treated by the Court in accordance with the provisions of this Protective Order.

24. <u>Attorneys' advice</u>. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this litigation, and in the course thereof, relying on an examination of PROTECTED INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any PROTECTED INFORMATION nor the source of any PROTECTED INFORMATION

to anyone not authorized to receive such documents, things, materials, or information pursuant to the terms of this Protective Order.

25. <u>Permitted use and disclosure</u>.  Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents obtained from another source, if such information is lawfully obtained from that source, such as a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as PROTECTED INFORMATION.

26. <u>Restrictions on patent prosecutors</u>.  Any person who has reviewed ATTORNEYS' EYES ONLY INFORMATION shall not, for two (2) years after the end of the present litigation, including appeals, participate in the preparation or prosecution of any patent application that (i) is assigned to, licensed to, or was filed on behalf of a party to this litigation, or (ii) is related to the subject matter of the patents at issue in this litigation, provided, however, the restriction of this paragraph 26 shall not apply to a person otherwise restricted under this paragraph if the person accesses only ATTORNEYS' EYES ONLY INFORMATION that tends to refute or corroborate whether a document or thing is prior art or that constitutes test results of allegedly infringing articles.  The restrictions of this paragraph shall not apply to INDEPENDENT EXPERTS as defined in paragraph 8.

27. <u>Consented to or mandated disclosure</u>.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as PROTECTED INFORMATION consents to such disclosure or if the court, after notice to all affected parties, orders such disclosure.

28. <u>No waiver</u>.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this litigation.  Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of PROTECTED INFORMATION in response to discovery or to object to a requested inspection of documents or things and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.  This Protective Order shall not impact or control the use of PROTECTED INFORMATION during any trial in this litigation, however, before trial, TRIAL COUNSEL shall attempt in good faith to reach agreement on the handling of PROTECTED INFORMATION at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

29. <u>Relief and continuing jurisdiction</u>.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, and in the event the

aggrieved party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

30. <u>Challenges to confidentiality designations</u>. In the event that any party disagrees at any stage of these proceedings with the designation of any information as PROTECTED INFORMATION, the parties shall try first to resolve such dispute in good faith on an informal basis. Any receiving party may at any time request that the producing party cancel the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY designation with respect to any document, object, or information. Such request shall be written, shall be served on counsel for the producing party by e-mail, facsimile or same-day hand delivery, and shall particularly identify the designated PROTECTED INFORMATION that the receiving party contends is not properly designated and the reasons supporting its contentions. If the parties cannot agree on the proper designation and a motion is filed, the initial designation shall remain until the Court rules on such motion and thereafter shall be governed by the Court's ruling. The producing party shall have the burden of proving the propriety of such designation.

31. <u>Third parties</u>. In the event that a party seeks discovery from a non-party to this litigation, the non-party may invoke the terms of this order in writing to all parties to this litigation with respect to any PROTECTED INFORMATION to be provided to the requesting party by the non-party.

32.  <u>Disposition of documents</u>.  Within ninety (90) business days after entry of final judgment and conclusion of any and all appeals, any information which has been designated as including PROTECTED INFORMATION (including all copies) shall at the request and option of the producing party, be destroyed or returned to the producing party at the other party's expense.  Neither party shall be obliged to return PROTECTED INFORMATION (including all copies) that were admitted into evidence at trial.  TRIAL COUNSEL for each party are entitled to retain all pleadings, motion papers, discovery responses (other than the other party's produced documents containing PROTECTED INFORMATION), deposition transcripts and exhibits, legal memoranda, correspondence, and work product.

33.  <u>Continuing duty</u>.  Neither the termination of this lawsuit nor the termination of employment or consultancy of any person who has had access to any PROTECTED INFORMATION shall relieve such person from the obligation of maintaining the confidentiality of such information.

34.  <u>Additional protection</u>.  Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order agreement or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order with respect to matter designated as containing PROTECTED INFORMATION.

35.  <u>Modification</u>.  Any party may, on notice, apply to the Court at any time for modification of this Protective Order.

SO ORDERED
this ___ day of April, 2006.

_____
The Honorable Kent A. Jordan
United States District Judge