**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

WILMINGTON, DE

**Patricia Smink Rogowski**
Partner
Admitted in DE and PA
TEL (302) 658 9141
FAX (302) 658 5614
EMAIL progowski@cblh.com
REPLY TO Wilmington Office

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

October 27, 2006

**By E-File**
The Honorable Judge Kent A. Jordan
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *SOITEC SA* and *SOITEC USA, Inc. v. MEMC Electronic Materials, Inc.*
No. 05-806 (KAJ)

Dear Judge Jordan:

    This letter is in response to the October 24, 2006, letter from counsel for Plaintiffs S.O.I.TEC Silicon On Insulator Technologies S.A. and Soitec USA, Inc. (collectively "Soitec") seeking a protective order to preclude MEMC's independent expert, Dr. Werner Bergholz, from accessing confidential information produced by Soitec in this case (D.I. 61).

    Soitec's request is based on the erroneous proposition that Dr. Bergholz should not be permitted to access confidential information produced in this litigation in Delaware because he is also serving as an expert in a suit between Soitec and MEMC that is ongoing in France. Such an argument fails to meet the "good cause" standard recited in Paragraph 19 of the Protective Order. *See* D.I. 61, Plaintiffs' Exhibit A ("The Court will deny the motion [for protective order] unless the objecting party shows good cause why the proposed disclosure should not be permitted.") Accordingly, Soitec's request for a protective order should be denied.

    Soitec does not allege (a) that Dr. Bergholz (i) is not qualified as an expert, (ii) has a history of violating protective orders, or (b) that Soitec would be commercially, economically, or otherwise prejudiced if Dr. Bergholz is permitted to review Soitec's confidential information. Instead, Soitec alleges that it will be prejudiced *in the French suit* because Dr. Bergholz may be privy to information in this case that he would not have had access to in the French suit. This, according to Soitec, is because the discovery rules in the two countries are different, and thus "Soitec information produced in this case would normally not be available in France." Soitec letter at 1. The only alleged harm to Soitec, assuming there is in fact any such harm, would be suffered in France, not in this Court. Accordingly, Soitec's complaints should be addressed, if at all, in the French court.

CONNOLLY BOVE LODGE & HUTZ LLP

Hon. Kent A. Jordan
October 27, 2006
Page 2 of 4

None of the cases cited by Soitec in its October 24 letter provides any support for Soitec's request. Most of these cases either involve disclosing confidential information to non-experts[1] or involve situations in which proffered experts were not "independent" or worked for a competitor of the party seeking the protective order.[2] None related to situations in which the party seeking a protective order was attempting to invoke the discovery rules of a foreign jurisdiction to limit disclosure of confidential information to a retained independent expert.

For example, Soitec cites *Wilk v. American Medical Assoc.* for the proposition that "federal civil discovery may not be used merely to subvert limitations on discovery in another proceeding" and thus MEMC's expert has "no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation." 635 F.2d 1295, 1300 (7th Cir. 1980). These statements by the court, however, are taken out of context and are inapplicable to the present matter.

---

[1] *See, e.g., In re Remington Arms, Co, Inc.*, 952 F.2d 1029, 1033 (8th Cir. 1991) (district court abused in discretion in ordering production of confidential documents without affording the company the opportunity to show the disputed documents contained trade secrets); *Commissariat a l'Energie Atomique v. Dell Computer Corp.*, 2004 WL 1196965 (D. Del. 2004) (holding that plaintiff's prosecution attorneys should not have access to Dell's highly confidential information because of potential harm of attorneys later drafting patent applications that could cover Dell's techonology); *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 WL 16189689 (D. Del. 1994) (amending protective order so that any attorney of defendant's trial counsel's firm who also prosecute patents must be shielded from highly confidential information or not prosecute any Interdigital applications relating to the same subject matter); *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F.Supp. 20, (holding that President of plaintiff's company could not view defendant's highly confidential information because he was involved in research for plaintiff and might not be able to separate information learned from defendant from independent ideas).

[2] *See, e.g., BASF Corp. v. U.S.*, 321 F. Supp. 2d 1373 (Ct. Int'l Trade 2004) (holding that proffered expert, who was affiliated with a competitor, could not access highly confidential information where protective order barred disclosure to competitors); *IP Innovation L.L.C. v. Thompson, Inc.*, 2004 WL 771233 (S.D. Ind. 2004) (finding that patentee was not an "independent" expert and thus could not access defendant's highly confidential information); *Litton Industries, Inc. v. Chesapeake & Ohio Railway Co.*, 129 F.R.D. 528 (E.D. Wis. 1990) (quashing subpoena to third party seeking financial information that expert wanted to use to calculate damages because expert was employed by competitor); *Ares-Serono, Inc. v. Organon Int'l B.V.*, 153 F.R.D. 4 (D. Mass. 1993) (holding that former employee of plaintiff could be designated as an independent expert and have access to confidential information).

CONNOLLY BOVE LODGE & HUTZ LLP

Hon. Kent A. Jordan
October 27, 2006
Page 3 of 4

      In *Wilk*, the issue before the court was whether a collateral litigant could access information covered by a protective order. In that case, the state of New York was a collateral litigant who brought a suit against the American Medical Association ("AMA") in New York that raised virtually identical issues as the suit brought in Illinois against the AMA by Wilk. By the time the New York suit was filed, "massive discovery" had already taken place in the *Wilk* suit. *Id*. at 1296. New York moved to intervene in the *Wilk* suit for the limited purpose of amending the *Wilk* protective order so that it could access discovery materials covered by the *Wilk* protective order. After making the above statements cited by Soitec, the Court held that New York *was entitled* to the protected materials because the issues in the two suits were virtually identical. *Id*. at 1300. Thus, because the sought materials were relevant to the New York suit, New York was "presumptively entitled to access to all of the *Wilk* discovery." *Id*. at 1301.

      The circumstances of the present matter are distinguishable from the quote Soitec cites from *Wilk*. MEMC is not a collateral litigant seeking access to protected information in a separate suit. Rather, MEMC was sued by Soitec in this Court, and MEMC is now seeking to use a qualified expert to assist in defending it against Soitec claims. *Wilk* provides no support for Soitec's efforts to limit the materials to which MEMC's expert should have access.

      Soitec also argues that the Court should preclude disclosure to Dr. Bergholz because there is a concern of misuse of "technological information in light of the real and serious threat of economic injury attendant with the disclosure of scientific information" and because "the potential for abuse and the potential for competitive loss is real." Soitec letter at 3, citing, *Ares-Seronoo, Safe Flight, BASF Corp.*, and *IP Innovation L.L.C.* Soitec does not, however, identify any particular competitive or economic loss it would suffer if Dr. Bergholz is properly admitted to review Soitec's confidential information. Again, the only prejudice Soitec alleges it will suffer would occur in the French suit.

      In sum, Soitec is attempting to invoke French discovery rules to preclude MEMC from using a qualified, independent expert to defend against claims Soitec brought in *this Court*. Soitec cites no apposite cases to support its attempt to invoke the discovery rules of a French court in this matter. Soitec's request for a protective order fails to show "good cause" and should be denied.

CONNOLLY BOVE LODGE & HUTZ LLP

Hon. Kent A. Jordan
October 27, 2006
Page 4 of 4

                                              Respectfully,

                                              Patricia Smink Rogowski

PSR/vjm
cc:    Denise Seastone Kraft, Esq. (By Hand)
       Robert M. Evans, Jr., Esq.
       George Neuner, Esq. (By Fax)
       Michael Brody, Esq. (By Fax)