IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.O.I. Tec Silicon on Insulator Technologies S.A., and Soitec USA Inc., )<br><br>Plaintiffs, )<br><br>v. )<br><br>MEMC Electronic Materials Inc., )<br><br>Defendant. ) | Civil Action No. 05-806*** |

**STIPULATION TO AMEND SCHEDULING ORDER**

IT IS HEREBY STIPULATED by Plaintiffs and Defendant, subject to approval of this Court, that the Scheduling Order entered on December 5, 2006 at D.I. 70 be further amended as follows, with paragraph numbering maintained consistently with the Court's original Scheduling Order:

3. <u>Discovery</u>.

(a) <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 250 hours of taking fact testimony by deposition upon oral examination for fact witnesses. In addition, each side may conduct 14 hours of testimony by deposition upon oral examination for each expert as to each report submitted by such expert.

(b) <u>Location of Depositions</u>. Any party representative (officer, director or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(c) <u>Interrogatories.</u> Each party shall be limited to 50 interrogatories.

(d) <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before November 7, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

(e) <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall disclose their experts by August 6, 2007, file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before September 18, 2007, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party before October 4, 2007. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. The parties agree that draft reports prepared by disclosed experts shall not be discoverable.

(f) <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

5. <u>Paper Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.

7. <u>Interim Status Report</u>. On August 29, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On September 18, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10. <u>Case Dispositive Motions</u>. For all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before December 7, 2007. Answering briefs and supporting papers opposing case dispositive motions shall be served and filed on or before January 7, 2008. Reply briefs, if any, shall be served and filed on or before January 21, 2008. Beginning at 9:30 a.m. on February 4, 2008, the Court will hear evidence and argument on summary judgment and Claim Construction.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 5, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. The Joint Claim Construction Chart shall be submitted to the Court on November 13, 2007 to be considered by the Court in conjunction with the parties' summary

3

judgment motions. Issues of claim construction shall be submitted to the Court by each party filing an opening brief on or before December 7, 2007. Reply briefs, if any, shall be served and filed on or before January 7, 2008.

13.  Hearing on Claim Construction. Beginning at 9:30 a.m. on February 4, 2008, the Court will hear evidence and argument on claim construction.

14.  Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.  Pretrial Conference. On May 22, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure required of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before April 22, 2008.

16.  Motions *In Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any responses shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.  Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories on May 19, 2008, three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in

Wordperfect format) which contains the instructions, proposed voir dire, special verdicts and jury interrogatories.

18.  Trial.  This matter is scheduled for a 10-day jury trial beginning at 9:30 a.m. on June 24, 2008 and running through July 7, 2008.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

| | |
|---|---|
| /s/ Denise Seastone Kraft | /s/ PatriciaSmink Rogowski |
| Denise Seastone Kraft | Patricia Smink Rogowski |
| Del. Bar # 2778 | Del. Bar #2632 |
| EDWARDS ANGELL PALMER & DODGE LLP | CONNOLLY BOVE LODGE & HUTZ LLP |
| 919 North Market Street, Suite 1500 | 1007 N. Orange Street |
| | P.O. Box 2207 |
| Wilmington, DE  19801 | Wilmington, DE  19899-2207 |
| (302) 777-7770 | (302) 658-9141 |
| *Attorneys for Plaintiffs,* | *Attorneys for Defendant,* |
| *S.O.I. Tec Silicon on Insulator Technologies S.A. and Soitec USA Inc.* | *MEMC Electronic Materials Inc.* |

SO ORDERED this _____ day of _____, 2007.

_____
United States District Judge

5