EDWARDS ANGELL PALMER & DODGE LLP

919 North Market Street  Wilmington, DE  19801  302.777.7770  *fax* 302.777.7263  eapdlaw.com

Denise S. Kraft
302.425.7106
*fax* 888.325.9741
dkraft@eapdlaw.com

February 11, 2008

**BY E-FILING**

Hon. Mary Pat Thynge, United States Magistrate Judge
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building, Suite 6100
844 King Street
Wilmington, Delaware 19801

Re:    **Soitec v. MEMC, 05 CV 806, Disputed Issues for February 13 Telephone Status.**

Dear Magistrate Judge Thynge:

1.    **Background.**

This declaratory judgment action seeks a determination (1) that Soitec does not infringe U.S. Patent No. 6,236,104 (assigned to MEMC); (2) that the '104 Patent is invalid and unenforceable; and (3) that Soitec's CEO, Dr. André Jacques Auberton-Hervé, was a co-inventor of whatever valid and enforceable claims the '104 Patent may contain.  The patent covers a type of "silicon on insulator" or "SOI".  SOI is a substrate on which microelectronic devices are manufactured.  It has a very thin top layer of silicon in which the microelectronic devices are built (the "device layer"), a layer of insulating material beneath the device layer, and a standard silicon wafer (a thin disc of silicon) supporting the two.  Soitec makes SOI by splitting the device layer off of a silicon "donor" wafer and transferring that layer to the top of the SOI substrate. The claims at issue purport to cover SOI substrates whose device layers (a) have certain distributions of "intrinsic point defects" and (b) are substantially free of "agglomerated point defects."

Soitec seeks the Court's assistance with two open discovery issues.

2.    **Test Data Summaries.**

Shortly after the start of this case, MEMC initiated a French patent infringement proceeding against Soitec under related French patents by having a bailiff seize samples of the donor wafers for certain of Soitec's products.  In response to a contention interrogatory from Soitec in this case, the sole basis given for MEMC's allegation of patent infringement was the testing that MEMC had performed on the donor wafers seized in the French case.  See Exh. 1, MEMC's Objections and Responses to Soitec's First Set of Interrogatories, Response No. 1, pp. 2-4.  Soitec has requested the testing.  Subject to an agreement that such production would not constitute any further waiver, MEMC has agreed to produce the raw test data, but not the written technical reports summarizing and analyzing the test data.  Soitec does not seek any legal analysis performed on the test data, merely the technical reports.  The sole basis offered by MEMC for withholding the reports is their alleged work product status.

EDWARDS ANGELL PALMER & DODGE LLP

February 11, 2008
Page 2

The test reports, however, were not prepared by counsel and, as mere compilations of the raw test data, it is hard to see how any work product privilege might apply. Indeed, MEMC has never identified the summary reports on its privilege log. Moreover, MEMC's disclosure of the test results as the basis for its infringement claims waived any work product protection that might have applied. MEMC cannot use the work product doctrine as both a sword and a shield, disclosing what it finds helpful in the reports and concealing what it finds inconvenient. This Court should order MEMC to produce the reports.

3.    **SOITEC's Request for Documents and Deposition Testimony Relating to the Conception of the Alleged Invention At Issue.**

The second issue for the Court concerns Soitec's request for allegedly privileged documents and testimony relating to the conception of the purported inventions at issue. The withheld material goes to whether the alleged inventions were conceived exclusively by the sole named inventor on the '104 patent, Robert Falster, or jointly by Falster and Soitec's Auberton-Hervé. Falster has testified that his sole "contribution" to the claimed invention was to come up with the idea of incorporating a device layer "which is substantially free of agglomerated intrinsic point defects" into a known SOI structure. Falster Dep., 12/20/07, at 105:17-22, 109:20-112:19. There is abundant evidence that, beginning in early 1995, Soitec had conceived of the idea of making an SOI structure with a "COPs free" device layer (a "COP" is a type of agglomerated intrinsic point defect) and that it had been investigating the utility of such device layers continuously since that time. By mid-1996 Soitec had published its view that such SOI device layers would likely be beneficial to SOI quality. It is undisputed that Falster and Auberton-Hervé met on October 30, 1996 to discuss whether MEMC could provide Soitec with COPs free wafers as donors for SOI device layers of the sort purportedly claimed in the '104 Patent. Indeed, two sets of contemporaneous handwritten notes memorialize that meeting. There is no corroboration of any conception of the '104 invention by Falster other than what occurred at the October 1996 meeting. Hejlek Dep., at 156:1-157:23; Falster Dep., at 69:3-24, 92:10-93:16, 98:22-99:13. The question is whether it was Falster, Auberton-Hervé, or both who came up with the idea. The discovery at issue, thus, goes squarely to that question. The only question is whether it is privileged.

Soitec contends that MEMC has waived the privilege as to communications on the subject of the conception of the alleged inventions and the events which occurred at the October 1996 meeting. Specifically, Soitec has requested, and MEMC has refused to produce, two documents on MEMC's privilege log, entries 43 and 46, said to constitute the Summer of 1998 invention disclosure of the '104 patent. Exh. 3, MEMC Privilege Log, at 4, 5 and Exh. 4, Hejlek Dep., 10/23/07, at 138:16-139:24. Additionally, Soitec has requested, and MEMC refused to allow, testimony from Robert Falster, the sole named inventor on the '104 patent, and Edward Hejlek, MEMC's lead patent prosecution counsel, about communications between Hejlek, Falster, and other MEMC employees concerning these events.

MEMC has committed at least two acts constituting waiver of any privilege associated with the inventorship issue. First, MEMC produced a 1995 invention disclosure statement in which Falster purported to describe how to make the agglomerate free silicon wafer which the '104 patent proposes to use as a donor for SOI device layers. MEMC admits that the 1995 disclosure was privileged, and acknowledges that it has waived the privilege as to that document. Accordingly, MEMC has also waived the privilege as to all other attorney-client communications on the same subject as the 1995 disclosure.

EDWARDS ANGELL PALMER & DODGE LLP

February 11, 2008
Page 3

MEMC's second waiver occurred during the deposition of it's prosecution counsel, Hejlek. MEMC has responded to Soitec's Interrogatory No. 5 by providing details surrounding "the conception of the invention [of the '104 patent], reduction of the invention to practice, and diligence in reducing the invention to practice."  See Exh. 1, Response No. 5, pp. 6-7.  At his deposition, Hejlek, was allowed to testify concerning his discussions with Falster on the subject of conception insofar as that conversation was consistent with MEMC's interrogatory response, and then was instructed not to discuss anything else that was said under the guise of privilege.  Hejlek, at 152:2-21.  See also, *id.*, at 152:22-153:22, 154:13-155:14.  Similar instructions were given with respect to conversations on the subject of conception both before and after the one that was partially disclosed.  Hejlek Dep., at 145:10-146:17, 158:20-164:2.  Likewise, Falster was instructed not to answer similar questions on the same topic.  Falster Dep., 12/20/07, at 134:10-135:4.  Indeed, MEMC instructed Falster not to respond to questions virtually identical the few that Hejlek was allowed to answer.  *Compare id.*, *with* Hejlek Dep., at 153:25-156:7.

It is axiomatic that, "When one party takes advantage of another by selectively disclosing otherwise privileged communications, courts broaden the waiver as necessary to eliminate the advantage."  *In re Teleglobe Communications* Corporation, 493 F.3d 345, 361 (3d Cir. 2007); see also *Starsight Telecast, Inc. v. Gemstar Development Corp.*, 158 F.R.D. 650, 653 (N.D. Cal. December 12, 1994) ("In general, a party's voluntary disclosure of one or more privileged communications between the party and his attorney waives the privilege as to all communications between the party and his attorney on the same subject."); *Genentech, Inc. v. United States ITC*, 122 F.3d 1409, 1416 (Fed. Cir. 1997).  The underlying rationale is not hard to find: "When one party takes advantage of another by selectively disclosing otherwise privileged communications, courts broaden the waiver as necessary to eliminate the advantage."  Slip Op. 29-30 (*Hercules*, 434 F. Supp. at 156 ("A party cannot disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position.")..

Here, MEMC is asserting infringement of a patent which, according to MEMC, covers SOI substrates with device layers made up of a special type of silicon.  MEMC has waived the privilege as to the 1995 invention disclosure regarding the special type of silicon, but not as to the 1998 disclosure as to the use of such silicon in SOI, and has blithely contended instead that Falster conceived the invention two years before the date of the withheld invention disclosure, i.e., prior to his meeting with Soitec in October 1996.  Moreover, MEMC has allowed Hejlek to confirm that he received information received from Falster that was "consistent with" this version of events, but refused to permit testimony as to the rest of the Falster conversation or any other conversation on the same topic.  The waiver doctrine exists to preclude such lopsidedly self-serving disclosures.  We submit that its application is manifestly appropriate here.

EDWARDS ANGELL PALMER & DODGE LLP

February 11, 2008
Page 4


Respectfully submitted,

/s/ Denise S. Kraft

Denise S. Kraft


DSK/asb

CC:     Patricia Rogowski, Esquire (via email)


WLM 512557.1