# EXHIBIT A

## DECLARATION OF DR. GEORGE ROZGONYI

I, George Rozgonyi, declare as follows:

1. I am a Professor in the Materials Science and Engineering Department at North Carolina State University. I have personal knowledge of the facts stated herein.

2. On October 4, 2007, Brian Gaff, an attorney representing Soitec in this lawsuit, contacted me by telephone. During our conversation, Mr. Gaff asked whether I would be interested in assisting Soitec in this lawsuit. Following our conversation, Brian Gaff sent me a copy of the '104 patent and directed my attention to the definitions section of the '104 patent.

3. On October 11, 2007, I participated in a telephone conference with Soitec's attorneys. Soitec asked me to provide my opinion of the '104 patent based on my understanding of Soitec's SmartCut product. The telephone conversation primarily consisted of me giving my initial reactions to the '104 patent, based on my review of the patent. During this telephone conference, I informed Soitec's attorneys that I was somewhat hesitant to help them with this lawsuit, because of my involvement with SiWEDS.

4. After the October 11, 2007 telephone conference, I exchanged a number of e-mails with Brian Gaff, concerning logistics of a potential relationship with Soitec, should I decide to take on this project. Soitec agreed to pay me my standard consulting rates, in the event I decided to participate. I eventually decided not to work on behalf of Soitec in this matter, and informed Mr. Gaff of my decision on January 6, 2008. Instead, I agreed to assist MEMC in this lawsuit, at the same consulting rates that Soitec agreed to pay.

5. Although I asked that my name not be disclosed until I decided whether to work with Soitec on this matter, I was never asked to keep confidential any specific information or documents that Soitec disclosed to me.

6. At no time during any of my communications with Mr. Gaff or Soitec's other attorneys was I provided with confidential information regarding Soitec or its legal strategy in this case. I have reviewed Soitec's Supplemental and Amended Response to MEMC's First Set of Interrogatories, dated January 2, 2008. To the extent Soitec's attorneys described their positions or their opinion of MEMC's positions in this lawsuit, it was in much less detail than what is provided in this document. My understanding of the purpose for the communications between myself and Soitec's attorney's was to determine whether my skills and knowledge would be generally applicable to the issues in the case.

7. Because I was never retained, I never requested, and was never provided with, any remuneration for the conversation that I had with Soitec's attorneys or the time I spent reviewing the '104 patent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this February 11, 2008, at Raleigh, North Carolina.

George Rozgonyi, PhD