# EXHIBIT A

Page 1

```
 1           UNITED STATES DISTRICT COURT
 2           FOR THE DISTRICT OF DELAWARE
 3
 4   S.O.I.TEC SILICON ON INSULATOR)
 5   TECHNOLOGIES S.A. and        )
     SOITEC USA, INC.,            )
 6        Plaintiffs and          )
          Counterclaim            )
 7        Defendants,             )
     vs.            )Civil Action No.:05806-KAJ
 8                  )
     MEMC ELECTRONIC MATERIALS,INC.)
 9                  )
          Defendants and          )
10        Counterclaim Plaintiff.)
11
12
13       VIDEOTAPED DEPOSITION OF EDWARD HEJLEK
         TAKEN BY MICHAEL BRODY
14       ON BEHALF OF THE PLAINTIFF
         OCTOBER 23, 2007
15
         (Attorney's Eyes Only)
16
17   REPORTED BY CINDY R. MESSINA
     CERTIFIED SHORTHAND REPORTER
18   CERTIFIED COURT REPORTER
19
20
21
22
23
24
25
```

Page 2

```
 1           UNITED STATES DISTRICT COURT
 2           FOR THE DISTRICT OF DELAWARE
 3
 4   S.O.I.TEC SILICON ON INSULATOR)
 5   TECHNOLOGIES S.A. and        )
     SOITEC USA, INC.,            )
 6        Plaintiffs and          )
          Counterclaim            )
 7        Defendants,             )
     vs.            )Civil Action No.:05806-KAJ
 8                  )
     MEMC ELECTRONIC MATERIALS,INC.)
 9                  )
          Defendants and          )
10        Counterclaim Plaintiff.)
11
12       DEPOSITION OF EDWARD HEJLEK, produced,
13   sworn, and examined on the 23rd day of October, 2007, at
14   the Offices of Senniger Powers, One Metropolitan Square,
15   16th Floor, in the City of St. Louis, State of Missouri,
16   before Cindy R. Messina, Certified Court Reporter within
17   and for the State of Missouri, in a certain cause now
18   pending in The United States District Court For the
19   District of Delaware, S.O.I.Tec Silicon on Insulator
20   Technologies S.A. and SOITEC USA, Inc., Plaintiffs and
21   Counterclaim Defendants, vs. MEMC Electronic Materials,
22   Defendant and Counterclaim Plaintiff.
23
24
25
```

Page 3

```
 1                 APPEARANCES:
 2
 3   ON BEHALF OF THE PLAINTIFFS AND
     COUNTERCLAIM DEFENDANT SOITEC:
 4
          Winston & Strawn LLP
 5        Mr. Michael Brody, Esq.
          35 West Wacker Drive
 6        Chicago, Illinois 60601
 7
 8   ON BEHALF OF THE DEFENDANT AND
     CONTERCLAIM PLAINTIFF MEMC:
 9
          Senniger Powers
10        Mr. Mark Vander Tuig, Esq.
          Mr. Robert Evans, Esq.
11        One Metropolitan Square
          16th Floor
12        St. Louis, Missouri 63102
13   ON BEHALF OF THE PLAINTIFFS AND
     COUNTERCLAIM DEFENDANT SOITEC:
14
          Jacques Elie Levy
15        Parc technologique des Fontaines
          Bernin 38926 Crolles
16        Cedex, France
17
     ON BEHALF OF THE PLAINTIFFS AND
18   COUNTERCLAIM DEFENDANT SOITEC:
19        Edwards, Angell, Palmer & Dodge LLP
          Mr. George W. Neuner
20        101 Federal Street
          Boston, Massachusetts 02110
21
22
          Also present: Richard Brophy, Esq.
23
24
25
```

Page 4

```
 1                 I N D E X
 2                  WITNESSES
 3                                    Page
 4   EDWARD HEJLEK FOR DEFENDANT
 5   Direct Examination by Mr. Brody      6:2
 6                  EXHIBITS
 7   For Plaintiff:
 8   2    Amended Notice of Deposition that
          Was filed in Delaware Court on
 9        October 19, 2007
          Identified                      12:20
10
     3    Copy file history that led to the
11        302 patent, United States Patent
          5919302
12        Identified                      43:23
13   4    Copy of the prosecution history for
          the 104 patent
14        Identified                     119:24
15   5    Document bearing Bates Numbers
          SP01254 through 1292
16        Identified                     123:2
17   6    Document bearing Bates Numbers
          SP01413 through SP01418, Senniger
18        Powers Time Records
          Identified                     123:5
19
     7    Privilege log provided by MEMC
20        Identified                     127:9
21   8    MEMC's Responses to SOITec's First
          Set of Interrogatories
22        Identified                     149:8
23   9    United State's Patent File History
          6236104 Prior Art, Volume 2
24        Identified                     189:1
25   10   United States Patent 6287380
```

Page 5

| | | |
|---|---|---|
| 11 | United States Patent 6254672 | |
| | Identified | 198:5 |
| 12 | United States Patent Number 5937312 | |
| | Identified | 201:13 |
| 13 | United States Patent 6284384 | |
| | Identified | 208:22 |
| 14 | United States Patent 5024723 issued to Ulrich Gosele | |
| | Identified | 43:23 |
| | Identified | 229:4 |

Page 6

STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties that this deposition may be taken in shorthand by Cindy R. Messina, Certified Court Reporter, and afterwards transcribed into printing, and signature by the witness is not waived.

THE VIDEOGRAPHER: On record, Tuesday, October 23rd, 2007. The time is 9:10 a.m. My name is Tim Sheehan, Certified Legal Video Specialist associated with the Esquire Deposition Services. The court reporter is Cindy Messina, also associated with Esquire Deposition Services.

We are taking the deposition of Edward Hejlek in the case of S.O.I.Tec Silicon On Insulator Technologies S.A. and SOITech USA, Incorporated versus MEMC Electronic Materials, Inc., pending in the United States District Court for the District of Delaware, Case No. 105-CV-00806.

Would counsel please introduce themselves, starting with Plaintiff's counsel.

MR. BRODY: Michael Brody, Winston and Strawn for Plaintiff Soitec.

MR. NEUNER: George Neuner, Edwards, Angell, Palmer & Dodge, also fo Plaintiff Soitec.

Page 7

MR. LEVY: Jacques Levy, General Counsel, Soitec.

MR. VANDER TUIG: Mark Vander Tuig on behalf of MEMC and Senniger Powers.

MR. EVANS: Robert Evans, Senniger Powers, here on behalf of Defendant Counter-Claim Plaintiff MEMC.

THE VIDEOGRAPHER: Would the court reporter please swear in the witness.

EDWARD HEJLEK, of lawful age, being first duly sworn to tell the truth, the whole truth and nothing but the truth deposes and says as follows:

DIRECT EXAMINATION
BY MR. BRODY:

Q. Good morning, Mr. Hejlek.
A. Good morning.
Q. We introduced ourselves earlier. I think you know my name is Michael Brody and I'm here on behalf of Soitec for the plaintiff in this case. Do you understand that?
A. I do.
Q. And you understand that this is a lawsuit in which Soitec has sought a declaration of invalidity and not infringement with respect to one of MEMC's patents; right?

Page 8

A. I do.
Q. You understand that you're here today not in your individual capacity, but speaking on behalf of your law firm and MEMC?
A. Correct.
Q. Okay. And that is to say Senniger Powers and MEMC Electronic Materials; right?
A. Correct.
Q. Could you state your name and spell your name for the record?
A. Sure, Edward J. Hejlek, H-E-J-L-E-K.
Q. And do you reside in the St. Louis area?
A. I do.
Q. Okay. And so you would not be amenable to subpoena in the District Court of Delaware; is that correct?
A. I reside in Kirkwood. I'll leave it -- for whatever that means.
Q. Okay. And I take it if Soitec were to ask you to appear at trial you would be inclined not to respond -- not to agree to it? Would you agree to appear at trial if Soitec were to request you to do so?
A. I would consider it when asked, but I have not been asked.
Q. I think you mentioned before we started

Page 149

1 certainly do not recall it. Can I say categorically he
2 did not? No, I don't recall that.
3      MR. BRODY: Let's mark this as Exhibit 8.
4      (Plaintiff's Deposition Exhibit 8 was
5 marked for identification.)
6   Q.   (By Mr. Brody) Mr. Hejlek, I have had the
7 court reporter mark as Plaintiff's Deposition Exhibit 8
8 MEMC's Responses to Soitec's First Set of Interrogatories
9 No. 1 through 16, which is a 16-page document. Do you
10 have that document in front of you, sir?
11   A.   I do.
12   Q.   Can you turn to Page 6 of the document.
13 And Interrogatory 5 requests, "For each invention covered
14 by each asserted claim," and in this case I believe the
15 asserted claims are 1, 9 and 10 of the 104 patent.
16 "describe in detail the conception of the invention,
17 reduction of the invention to practice, and diligence in
18 reducing the invention to practice."
19      And then MEMC interposes some objections.
20 And then on Page 7 the response states, "Dr. Robert J.
21 Falster conceived of the invention covered by claims 1
22 and 9 prior to a meeting with Soitec on October 30, 1996.
23 Dr. Falster had previously conceived and reduced to
24 practice a CZ silicon wafer containing an axially
25 symmetric region substantially free of agglomerated

Page 150

1 intrinsic point defects where the predominate intrinsic
2 point defect was interstitial. Dr. Falster believed such
3 a wafer would provide better performance than the wafers
4 used by the integrated circuit industry. In advance of
5 his meeting with Soitec on October 30, 1996 Dr. Falster
6 knew that Soitec's primary product at the time was the
7 S.O.I. product. Dr. Falster conceived of using his CZ
8 silicon wafer as the donor wafer to provide the device
9 layer in the Soitec S.O.I. product prior to the meeting.
10 This was a conception of claims 1 and 9."
11      Do you see that passage?
12   A.   I see that.
13   Q.   Is that something you were told by Dr.
14 Falster during the course of the 104 prosecution?
15   A.   No.
16   Q.   Okay. Is reading it today, is that the
17 first time you became aware of that description of the
18 conception of those claims?
19   A.   No.
20   Q.   When did you first learn that those were
21 the circumstances under which the invention was
22 conceived?
23   A.   Subsequent to the issuance of the 104
24 patent it was somehow brought to my attention that Soitec
25 notified sales people, customers, that sort of thing,

Page 151

1 that there was a question about inventors.
2   Q.   Okay. Do you recall that happening in
3 connection with the filing of this lawsuit?
4   A.   No, it predated.
5   Q.   Well, the patent issued in May of 2001,
6 and the complaint and the lawsuit was filed, I believe,
7 in 2005. So I take it it was someplace between those two
8 events?
9   A.   Correct.
10   Q.   Who told you about Soitec, Soitec's
11 claims?
12   A.   I do not recall.
13   Q.   Do you recall what customers were
14 involved?
15   A.   No.
16   Q.   Did -- was Mr. Falster the one who
17 described to you the circumstances under which he
18 conceived the invention, or did somebody relay to you
19 what he had told them?
20      MR. VANDER TUIG: I'll object to the
21 extent that it calls for disclosure of attorney/client
22 communications.
23      MR. BRODY: Well --
24   A.   I can answer the question without
25 getting into that. I had direct conversations with Bob

Page 152

1 Falster.
2   Q.   (By Mr. Brody) Okay. Did Mr. Falster,
3 did his description of the conception of the invention
4 differ in any way from what's disclosed in MEMC's
5 Interrogatory Response to Interrogatory No. 5?
6   A.   What is described here is consistent with
7 what my recollection is.
8   Q.   Did he give you additional information
9 about the conception?
10      MR. VANDER TUIG: Object to the extent it
11 calls for disclosure of attorney/client communication.
12      MR. BRODY: That question I don't think
13 calls for disclosure of any substance. I'm just asking
14 if there was any additional substance disclosed, not what
15 it was, although that's going to be my next question.
16   A.   Yes, he shared more than what's here with
17 me.
18   Q.   (By Mr. Brody) What else did he share with
19 you?
20      MR. VANDER TUIG: Object, calls for
21 disclosure of attorney/client communication.
22      MR. BRODY: Well, setting aside whether it
23 does or it doesn't, I don't see how it can be privileged
24 if half of the communication has been disclosed already.
25 You can't disclose part of a communication and not the

38 (Pages 149 to 152)