# EXHIBIT 4

Case 1:05-cv-00806-GMS-MPT   Document 116-5   Filed 03/27/2008   Page 1 of 6

Page 1

1          UNITED STATES DISTRICT COURT
2           FOR THE DISTRICT OF DELAWARE
3
4
    S.O.I.TEC SILICON ON INSULATOR)
5   TECHNOLOGIES S.A. and        )
    SOITEC USA, INC.,            )
6       Plaintiffs and          )
        Counterclaim             )
7       Defendants,              )
    vs.              )Civil Action No.:05806-KAJ
8                                )
    MEMC ELECTRONIC MATERIALS,INC.)
9                                )
        Defendants and           )
10      Counterclaim Plaintiff.)
11
12
13      VIDEOTAPED DEPOSITION OF EDWARD HEJLEK
            TAKEN BY MICHAEL BRODY
14           ON BEHALF OF THE PLAINTIFF
                OCTOBER 23, 2007
15
            (Attorney's Eyes Only)
16
17      REPORTED BY CINDY R. MESSINA
            CERTIFIED SHORTHAND REPORTER
18          CERTIFIED COURT REPORTER
19
20
21
22
23
24
25

Page 2

1          UNITED STATES DISTRICT COURT
2           FOR THE DISTRICT OF DELAWARE
3
4
    S.O.I.TEC SILICON ON INSULATOR)
5   TECHNOLOGIES S.A. and        )
    SOITEC USA, INC.,            )
6       Plaintiffs and          )
        Counterclaim             )
7       Defendants,              )
    vs.              )Civil Action No.:05806-KAJ
8                                )
    MEMC ELECTRONIC MATERIALS,INC.)
9                                )
        Defendants and           )
10      Counterclaim Plaintiff.)
11
12       DEPOSITION OF EDWARD HEJLEK, produced,
13   sworn, and examined on the 23rd day of October, 2007, at
14   the Offices of Senniger Powers, One Metropolitan Square,
15   16th Floor, in the City of St. Louis, State of Missouri,
16   before Cindy R. Messina, Certified Court Reporter within
17   and for the State of Missouri, in a certain cause now
18   pending In The United States District Court For the
19   District of Delaware, S.O.I.Tec Silicon on Insulator
20   Technologies S.A. and SOITEC USA, Inc., Plaintiffs and
21   Counterclaim Defendants, vs. MEMC Electronic Materials,
22   Defendant and Counterclaim Plaintiff.
23
24
25

Page 3

1       APPEARANCES:
2
3   ON BEHALF OF THE PLAINTIFFS AND
    COUNTERCLAIM DEFENDANT SOITEC:
4
        Winston & Strawn LLP
5       Mr. Michael Brody, Esq.
        35 West Wacker Drive
6       Chicago, Illinois  60601
7
8   ON BEHALF OF THE DEFENDANT AND
    CONTERCLAIM PLAINTIFF MEMC:
9
        Senniger Powers
10      Mr. Mark Vander Tuig, Esq.
        Mr. Robert Evans, Esq.
11      One Metropolitan Square
        16th Floor
12      St. Louis, Missouri 63102
13  ON BEHALF OF THE PLAINTIFFS AND
    COUNTERCLAIM DEFENDANT SOITEC:
14
        Jacques Elie Levy
15      Parc technologique des Fontaines
        Bernin 38926 Crolles
16      Cedex, France
17
    ON BEHALF OF THE PLAINTIFFS AND
18  COUNTERCLAIM DEFENDANT SOITEC:
19      Edwards, Angell, Palmer & Dodge LLP
        Mr. George W. Neuner
20      101 Federal Street
        Boston, Massachusetts 02110
21
22
        Also present: Richard Brophy, Esq.
23
24
25

Page 4

1               INDEX
2               WITNESSES
3                                            Page
4   EDWARD HEJLEK FOR DEFENDANT
5   Direct Examination by Mr. Brody           6:2
6               EXHIBITS
7   For Plaintiff:
8   2    Amended Notice of Deposition that
         Was filed in Delaware Court on
9        October 19, 2007
         Identified                          12:20
10
    3    Copy file history that led to the
11       302 patent, United States Patent
         5919302
12       Identified                          43:23
13  4    Copy of the prosecution history for
         the 104 patent
14       Identified                         119:24
15  5    Document bearing Bates Numbers
         SP01254 through 1292
16       Identified                         123:2
17  6    Document bearing Bates Numbers
         SP01413 through SP01418, Senniger
18       Powers Time Records
         Identified                         123:5
19
    7    Privilege log provided by MEMC
20       Identified                         127:9
21  8    MEMC's Responses to SOITec's First
         Set of Interrogatories
22       Identified                         149:8
23  9    United State's Patent File History
         6236104 Prior Art, Volume 2
24       Identified                         189:1
25  10   United States Patent 6287380

1 (Pages 1 to 4)

## Page 1

```
 1           UNITED STATES DISTRICT COURT
 2             FOR THE DISTRICT OF DELAWARE
 3
 4
   S.O.I.TEC SILICON ON INSULATOR)
 5 TECHNOLOGIES S.A. and       )
   SOITEC USA, INC.,           )
 6      Plaintiffs and         )
        Counterclaim           )
 7      Defendants,            )
   vs.                         )Civil Action No.:05806-KAJ
 8                             )
   MEMC ELECTRONIC MATERIALS,INC.)
 9                             )
       Defendants and          )
10     Counterclaim Plaintiff. )
11
12
13       VIDEOTAPED DEPOSITION OF EDWARD HEJLEK
            TAKEN BY MICHAEL BRODY
14           ON BEHALF OF THE PLAINTIFF
                OCTOBER 23, 2007
15
              (Attorney's Eyes Only)
16
17     REPORTED BY CINDY R. MESSINA
         CERTIFIED SHORTHAND REPORTER
18       CERTIFIED COURT REPORTER
19
20
21
22
23
24
25
```

## Page 2

```
 1           UNITED STATES DISTRICT COURT
 2             FOR THE DISTRICT OF DELAWARE
 3
 4
   S.O.I.TEC SILICON ON INSULATOR)
 5 TECHNOLOGIES S.A. and       )
   SOITEC USA, INC.,           )
 6      Plaintiffs and         )
        Counterclaim           )
 7      Defendants,            )
   vs.                         )Civil Action No.:05806-KAJ
 8                             )
   MEMC ELECTRONIC MATERIALS,INC.)
 9                             )
       Defendants and          )
10     Counterclaim Plaintiff. )
11
12          DEPOSITION OF EDWARD HEJLEK, produced,
13 sworn, and examined on the 23rd day of October, 2007, at
14 the Offices of Senniger Powers, One Metropolitan Square,
15 16th Floor, in the City of St. Louis, State of Missouri,
16 before Cindy R. Messina, Certified Court Reporter within
17 and for the State of Missouri, in a certain cause now
18 pending In The United States District Court For the
19 District of Delaware, S.O.I.Tec Silicon on Insulator
20 Technologies S.A. and SOITEC USA, Inc., Plaintiffs and
21 Counterclaim Defendants, vs. MEMC Electronic Materials,
22 Defendant and Counterclaim Plaintiff.
23
24
25
```

## Page 3

```
APPEARANCES:

ON BEHALF OF THE PLAINTIFFS AND
COUNTERCLAIM DEFENDANT SOITEC:

     Winston & Strawn LLP
     Mr. Michael Brody, Esq.
     35 West Wacker Drive
     Chicago, Illinois 60601

ON BEHALF OF THE DEFENDANT AND
CONTERCLAIM PLAINTIFF MEMC:

     Senniger Powers
     Mr. Mark Vander Tuig, Esq.
     Mr. Robert Evans, Esq.
     One Metropolitan Square
     16th Floor
     St. Louis, Missouri 63102

ON BEHALF OF THE PLAINTIFFS AND
COUNTERCLAIM DEFENDANT SOITEC:

     Jacques Elie Levy
     Parc technologique des Fontaines
     Bernin 38926 Crolles
     Cedex, France

ON BEHALF OF THE PLAINTIFFS AND
COUNTERCLAIM DEFENDANT SOITEC:
     Edwards, Angell, Palmer & Dodge LLP
     Mr. George W. Neuner
     101 Federal Street
     Boston, Massachusetts 02110


Also present: Richard Brophy, Esq.
```

## Page 4

```
              INDEX
              WITNESSES
                                         Page
EDWARD HEJLEK FOR DEFENDANT
  Direct Examination by Mr. Brody         6:2
              EXHIBITS
For Plaintiff:
 2   Amended Notice of Deposition that
     Was filed in Delaware Court on
     October 19, 2007
     Identified                          12:20

 3   Copy file history that led to the
     302 patent, United States Patent
     5919302
     Identified                          43:23
 4   Copy of the prosecution history for
     the 104 patent
     Identified                         119:24
 5   Document bearing Bates Numbers
     SP01254 through 1292
     Identified                         123:2
 6   Document bearing Bates Numbers
     SP01413 through SP01418, Senniger
     Powers Time Records
     Identified                         123:5

 7   Privilege log provided by MEMC
     Identified                         127:9
 8   MEMC's Responses to SOITec's First
     Set of Interrogatories
     Identified                         149:8
 9   United State's Patent File History
     6236104 Prior Art, Volume 2
     Identified                         189:1
10   United States Patent 6287380
```

Page 9

1  that you had given a deposition or two prior to this?
2     A.   I have been deposed previously.
3     Q.   How many times?
4     A.   Several.
5     Q.   Several as in 20, several as in 3?
6     A.   No, less than 10.
7     Q.   When was the most recent deposition?
8     A.   May of this year.
9     Q.   Okay. So it's all pretty fresh, I guess.
10 Let me just walk through a couple of ground rules.
11 Everybody does these things a little bit different, but
12 at least we can try to get on the same page for the
13 logistics of the day.
14          I will warn you that, as I have already
15 done, I occasionally garble questions and am a little
16 less clear about things than I would like to be. I also,
17 notwithstanding 25 years of practice, still tend to
18 mumble when I ask questions, so I can almost guarantee
19 you there will come a point during the day that I will
20 ask a question it doesn't make sense, you can't hear or
21 you don't understand. I'm happy to rephrase any question
22 that I ask, but I can't know you don't understand unless
23 you tell me, so will you let me know if you don't
24 understand a question?
25    A.   I'll do my best.

Page 10

1     Q.   The second thing that's an unfortunate
2  reality of these situations is that i'm going to be
3  asking about events that happened 10 and a dozen years
4  ago. I realize that human memory is fallible, and I know
5  you prepared for today's deposition but it's certainly
6  not implausible that I'll ask you a questions that you
7  don't recall off the top of your head, but you know there
8  is a piece of paper or a document that might refresh your
9  recollection. I brought a fair amount of stuff with me
10 today, and I can lay my hands on some more, so if there
11 is something that would help you respond to a question
12 that would refresh your recollection as to a point I'm
13 happy to do my best to try and and find it for you and
14 show it to you, but again, I can't know unless you tell
15 me, so will you let me know if there is a document that
16 would help you respond to a question?
17    A.   If I remember what the document would be
18 that would help.
19    Q.   Okay. Can't ask for more than that, which
20 brings us to my next point. I am going to ask you about
21 a little bit of history today, and I do expect you to
22 have done some preparation in planning for today's
23 deposition pursuant to the rules, but I do understand
24 that sometimes I ask questions for which you don't
25 generally know the answer, and all you can do is

Page 11

1  speculate. As a rule I really don't want you to
2  speculate. I just want you to give me your best
3  recollection or your best estimate or your best
4  understanding as to a matter. So unless I specifically
5  ask you to, will you agree with me that the responses you
6  give will not be speculation, but they will be your best
7  knowledge?
8     A.   I'm not inclined to speculate.
9     Q.   Okay. I may once or twice ask you to do
10 it just to, you know, to try and get a lead on something,
11 but unless I specifically ask you will you understand
12 that I'm not asking for speculation?
13    A.   Understood.
14    Q.   My guess is it will be a fairly long day.
15 Even if it breaks at noon it always feels like a long
16 day. And I don't mean it to be an endurance contest, so
17 if you need a break for any reason I'm happy to
18 accommodate that. I may ask you to let us finish a train
19 of thought, but I will break as soon as I can. Will you
20 tell me know if you need a break?
21    A.   Of course.
22    A.   You are represented today by Mr. Vander
23 Tuig; is that correct?
24    A.   Correct.
25    Q.   I'm confident we're going to ask questions

Page 12

1  that touch on the privilege, and I'm happy to let you
2  break to speak with him if you feel you need to do that
3  in order to understand whether to assert the privilege in
4  response to a question.
5           Again, I may ask you to finish and respond
6  to a question or finish a thought, but I will break as
7  soon as I can. But I can't know if you want to talk to
8  him unless you tell me. So will you let me know if you
9  want to talk to Mr. Vander Tuig?
10    A.   Sure.
11          MR. BRODY: I guess that's it. Could you
12 mark that notice as Plaintiff's Exhibit Deposition
13 Exhibit 2, please.
14          (Plaintiff's Deposition Exhibit 2 was
15 marked for identification.)
16    Q.   (By Mr. Brody) Mr. Hejlek, I've asked the
17 court reporter to hand to you what's been marked as
18 Plaintiff's Exhibit Deposition Exhibit 2 which is an
19 Amended Notice of Deposition that was filed in the
20 Delaware Court on October 19th of 2007. It's seven pages
21 in length. Do you have that in front of you, sir?
22    A.   I do.
23    Q.   And have you seen that document before?
24    A.   I have.
25    Q.   Okay. And at the back of the document

3 (Pages 9 to 12)

Page 13

1 there is an Exhibit C which indicates that you have been
2 tendered as a witness -- oh, my goodness, they put the
3 wrong numbers in. It says you have been tendered as a
4 witness. We're almost ready. It says you have been
5 tendered as a witness with respect to Topics 6, 7, 11 and
6 12 on Exhibit A. And then it says Mr. Sadasivam is going
7 to speak with respect to Exhibit B, but I think actually
8 you have been tendered with respect to Exhibit B; is that
9 correct?
10   A.   That is my understanding, with the
11 exception of Topics 6 and 7 on Exhibit B.
12        MR. VANDER TUIG: Mr. Brody, we served
13 objections where we indicated that we were not going to
14 tender a witness for 6 or 7.
15        MR. BRODY: Okay. Are you making that
16 objection on the grounds of privilege?
17        MR. VANDER TUIG: No, on the grounds that
18 Senniger Powers is not in the best position to speak on
19 these topics. The respective inventors are as set out --
20        MR. BRODY: All right. That's fair
21 enough. I'm going to be asking you some questions about
22 -- him some questions about the drafting of the
23 application and the prosecution of those patents, which
24 will touch on Senniger's investigation of inventorship
25 and MEMC's, and I hope you'll be in a position to respond

Page 14

1 to those questions, but I'll understand that you are not
2 tendering him with respect to Exhibits 6 and 7, or Topics
3 6 and 7.
4        MR. VANDER TUIG: And with respect to the
5 prosecution and the definition of S.O.I. Application and
6 bulk silicon application there was some correspondence
7 between our office and yours where we narrowed it to the
8 application that led to the 104 patent and the 302 patent
9 and their provisionals.
10        MR. BRODY: Right.
11   Q.   (By Mr. Brody) So with those amendments
12 are you here to testify on behalf of MEMC with respect to
13 Topics 6, 7, 11 and 12 on Exhibit A?
14   A.   Correct.
15   Q.   Are you here to testify on behalf of
16 Senniger Powers with respect to Topics 1 through 5 on
17 Exhibit B?
18   A.   Correct.
19   Q.   What did you do to prepare for today's
20 deposition?
21   A.   Reviewed the file histories of the patent
22 and suit, reviewed the file history of, is it the 302
23 patent? I forget. The 302 patent, looked through the
24 prior art that was cited in there, just get familiar with
25 it, deposition notice.

Page 15

1   Q.   Anything else?
2   A.   Not that I presently recall.
3   Q.   Did you talk to anybody in connection with
4 your preparation for today's deposition?
5   A.   Yes.
6   Q.   Who did you talk to?
7   Q.   I talked with Mr. Vander Tuig and Mr.
8 Evans, and I spoke with one of my associates, Richard
9 Schuth.
10   Q.   How do you spell Schuth?
11   A.   S-C-H-U-T-H.
12   Q.   Did you talk with Mr. Vander Tuig and Mr.
13 Evans together?
14   A.   Yes.
15   Q.   Once or more than once?
16   A.   More than once.
17   Q.   When?
18   A.   Wednesday or Thursday of last week,
19 yesterday, and this morning.
20   Q.   How long did you meet on Wednesday or
21 Thursday of last week?
22   A.   An hour.
23   Q.   How long did you meet yesterday?
24   A.   On the order of an hour, maybe an hour and
25 a half. I believe we met twice last week.

Page 16

1   Q.   How long did you meet this morning?
2   A.   30 minutes.
3   Q.   The one hour you gave me for last week,
4 was that the total for both meetings, or an hour each
5 meeting?
6   A.   Oh, they were probably each on that order.
7   Q.   So on the whole you've spoken with Mr.
8 Vander Tuig and Mr. Evans for a total of, let's see,
9 three and a half to four hours?
10   A.   Several hours, yeah.
11   Q.   Did they show you any documents other than
12 the prior art cited in the file history for the 104 and
13 302 patents?
14   A.   Deposition notice and the patents,
15 themselves.
16   Q.   So the documents you have looked at are
17 the 104 and 302 patents, the file history for those
18 patents, the prior art cited in those patents, and the
19 deposition notice?
20   A.   Correct.
21   Q.   And was anybody else present when you met
22 with Mr. Vander Tuig and Mr. Evans?
23   A.   No.
24   Q.   Did you take any notes during those
25 meetings?

4 (Pages 13 to 16)

Page 149

1 certainly do not recall it. Can I say categorically he
2 did not? No, I don't recall that.
3      MR. BRODY: Let's mark this as Exhibit 8.
4      (Plaintiff's Deposition Exhibit 8 was
5 marked for identification.)
6    Q.  (By Mr. Brody) Mr. Hejlek, I have had the
7 court reporter mark as Plaintiff's Deposition Exhibit 8
8 MEMC's Responses to Soitec's First Set of Interrogatories
9 No. 1 through 16, which is a 16-page document. Do you
10 have that document in front of you, sir?
11    A.  I do.
12    Q.  Can you turn to Page 6 of the document.
13 And Interrogatory 5 requests, "For each invention covered
14 by each asserted claim," and in this case I believe the
15 asserted claims are 1, 9 and 10 of the 104 patent.
16 "describe in detail the conception of the invention,
17 reduction of the invention to practice, and diligence in
18 reducing the invention to practice."
19      And then MEMC interposes some objections.
20 And then on Page 7 the response states, "Dr. Robert J.
21 Falster conceived of the invention covered by claims 1
22 and 9 prior to a meeting with Soitec on October 30, 1996.
23 Dr. Falster had previously conceived and reduced to
24 practice a CZ silicon wafer containing an axially
25 symmetric region substantially free of agglomerated

Page 150

1 intrinsic point defects where the predominate intrinsic
2 point defect was interstitial. Dr. Falster believed such
3 a wafer would provide better performance than the wafers
4 used by the integrated circuit industry. In advance of
5 his meeting with Soitec on October 30, 1996 Dr. Falster
6 knew that Soitec's primary product at the time was the
7 S.O.I. product. Dr. Falster conceived of using his CZ
8 silicon wafer as the donor wafer to provide the device
9 layer in the Soitec S.O.I. product prior to the meeting.
10 This was a conception of claims 1 and 9."
11      Do you see that passage?
12    A.  I see that.
13    Q.  Is that something you were told by Dr.
14 Falster during the course of the 104 prosecution?
15    A.  No.
16    Q.  Okay. Is reading it today, is that the
17 first time you became aware of that description of the
18 conception of those claims?
19    A.  No.
20    Q.  When did you first learn that those were
21 the circumstances under which the invention was
22 conceived?
23    A.  Subsequent to the issuance of the 104
24 patent it was somehow brought to my attention that Soitec
25 notified sales people, customers, that sort of thing,

Page 151

1 that there was a question about inventors.
2    Q.  Okay. Do you recall that happening in
3 connection with the filing of this lawsuit?
4    A.  No, it predated.
5    Q.  Well, the patent issued in May of 2001,
6 and the complaint and the lawsuit was filed, I believe,
7 in 2005. So I take it it was someplace between those two
8 events?
9    A.  Correct.
10    Q.  Who told you about Soitec, Soitec's
11 claims?
12    A.  I do not recall.
13    Q.  Do you recall what customers were
14 involved?
15    A.  No.
16    Q.  Did -- was Mr. Falster the one who
17 described to you the circumstances under which he
18 conceived the invention, or did somebody relay to you
19 what he had told them?
20      MR. VANDER TUIG: I'll object to the
21 extent that it calls for disclosure of attorney/client
22 communications.
23      MR. BRODY: Well --
24    A.  I can answer the question without
25 getting into that. I had direct conversations with Bob

Page 152

1 Falster.
2    Q.  (By Mr. Brody) Okay. Did Mr. Falster,
3 did his description of the conception of the invention
4 differ in any way from what's disclosed in MEMC's
5 Interrogatory Response to Interrogatory No. 5?
6    A.  What is described here is consistent with
7 what my recollection is.
8    Q.  Did he give you additional information
9 about the conception?
10      MR. VANDER TUIG: Object to the extent it
11 calls for disclosure of attorney/client communication.
12      MR. BRODY: That question I don't think
13 calls for disclosure of any substance. I'm just asking
14 if there was any additional substance disclosed, not what
15 it was, although that's going to be my next question.
16    A.  Yes, he shared more than what's here with
17 me.
18    Q.  (By Mr. Brody) What else did he share with
19 you?
20      MR. VANDER TUIG: Object, calls for
21 disclosure of attorney/client communication.
22      MR. BRODY: Well, setting aside whether it
23 does or it doesn't, I don't see how it can be privileged
24 if half of the communication has been disclosed already.
25 You can't disclose part of a communication and not the

38 (Pages 149 to 152)