# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.O.I.TEC SILICON ON INSULATOR TECHNOLOGIES S.A. and SOITEC USA, INC., | JURY TRIAL DEMANDED |
| Plaintiffs and Counterclaim Defendants, | Civil Action No.:  05-806-*** |
| v. | |
| MEMC ELECTRONIC MATERIALS, INC., | |
| Defendant and Counterclaim Plaintiff. | |

**NON-PARTY SENNIGER POWERS' RESPONSES TO
PLAINTIFFS' SUBPOENA FOR DEPOSITION OF SENNIGER POWERS AND
SUBPOENA *DUCES TECUM* TO SENNIGER POWERS**

Under Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, non-party Senniger

Powers hereby responds and objects to the subpoena of S.O.I.TEC Silicon on Insulator

Technologies S.A. and SOITEC USA, Inc. (collectively "SOITEC"), dated June 22, 2007,

including the request for testimony by Senniger Powers under Rule 30(b)(6) of the Federal Rules

of Civil Procedure as set forth in Attachment A thereto (the "Deposition Subpoena") and the

request for production of documents set forth in Attachment B thereto (the "Subpoena *Duces

Tecum*") (collectively, the Deposition Subpoena and the Subpoena *Duces Tecum* are sometimes

referrred to herein as the "Subpoena").

The following Responses and Objections will first address the Deposition Subpoena and

then will address the Subpoena *Duces Tecum*.

1

**RESPONSES AND OBJECTIONS TO SUBPOENA FOR DEPOSITION TESTIMONY**
**BY SENNIGER POWERS UNDER FED. R. CIV. P. 30(b)(6)**

Under Federal Rules of Civil Procedure 26, 30(b)(6) and 45, non-party Senniger Powers objects to the Deposition Subpoena. Senniger Powers reserves the right to interpose all appropriate objections at the time of the deposition. Where Senniger Powers agrees to designate a witness, the scope of the witnesses' testimony is limited to the information that is available to the witness after conducting a reasonable investigation.

**GENERAL OBJECTIONS TO MATTERS OF EXAMINATION**

Senniger Powers incorporates the following General Objections into its Specific Objections to each and every designated topic contained in the Deposition Subpoena:

1.      Senniger Powers generally objects to the topics or matters on which examination is requested in the Deposition Subpoena on the ground that these topics are overbroad and unduly burdensome.

2.      Senniger Powers generally objects to the topics or matters on which examination is requested in the Deposition Subpoena insofar as they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

3.      Senniger Powers objects to the Deposition Subpoena on the ground that it is unduly burdensome insofar as it is overbroad, cumulative and duplicative and seeks testimony on matters that are not relevant to the claims and defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Senniger Powers objects to the Desposition Subpoena to the extent that the Deposition Subpoena purports to impose obligations beyond those set forth by the Federal Rules of Civil Procedure.

5.    Senniger Powers objects to the Deposition Subpoena to the extent that its seeks testimony concerning sensitive trade secret, confidential, or proprietary business information. Senniger Powers will provide such information only under the appropriate provisions of the Protective Order entered in this case.

6.    Senniger Powers objects to the Deposition Subpoena for violating Federal Rule of Civil Procedure 45(a)(2)(B) and 45(c)(3)(A)(ii), by commanding MEMC to appear for deposition in Chicago, Illinois.  Subject to its objections and responses stated herein, Senniger Powers will agree to provide testimony in St. Louis, Missouri, or at such other location that counsel for SOITEC and Senniger Powers may agree.

7.    Senniger Powers' failure to object to the Deposition Subpoena on a particular ground shall not be construed as a waiver of its rights to object on that ground, or any additional ground, at any time.

## SPECIFIC RESPONSES AND OBJECTIONS TO MATTERS OF EXAMINATION

Without waiving or departing from its General Objections, and specifically incorporating its General Objections into each of the Specific Responses below, Senniger Powers makes the following additional objections and responses to the 30(b)(6) topics ("Topics") set forth in the Deposition Subpoena.

TOPIC NO. 1:

The prosecution of United States Provisional Patent Application Serial No. 60/098,902 and the prosecution of any US or foreign patent application relating to the same subject matter as the '902 application or claiming priority to the '902 application, including without limitation, United States Patent Application Serial No. 09/387,288, which issued as United States Patent No. 6,236,104.  (Collectively, the "SOI Applications".)

RESPONSE TO TOPIC 1:

      Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

      Senniger Powers further objects to this Topic on the ground that the phrase "relating to the same subject matter as the '902 application" is overbroad, vague and ambiguous, and renders the Topic unduly burdensome insofar as it seeks testimony not relevant to the claims or defenses in this action, may require the production of multiple witnesses, and is not reasonably calculated to lead to the discovery of admissible evidence.

      Senniger Powers further objects to Topic 1 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

      Subject to and without waiving these objections, Senniger Powers will produce a witness to testify about non-privileged matters concerning the prosecution of United States Provisional Patent Application Serial No. 60/098,902 and United States Patent Application Serial No. 09/387,288.

TOPIC 2:

      The preparation of the SOI Applications.

RESPONSE TO TOPIC 2:

      Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

      Senniger Powers further objects to this Topic on the ground that the phrase "relating to the same subject matter as the '902 application," which is incorporated from Topic 1 through the definition of "SOI Appplications," is overbroad, vague and ambiguous, and renders the Topic

unduly burdensome insofar as it seeks testimony not relevant to the claims or defenses in this action, may require the production of multiple witnesses, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Topic 2 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce a witness to testify about non-privileged matters concerning the preparation of United States Provisional Patent Application Serial No. 60/098,902 and United States Patent Application Serial No. 09/387,288.

TOPIC 3:

The decision to name Robert Falster as the sole inventor on the SOI Applications.

RESPONSE TO TOPIC 3:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Topic on the ground that the phrase "relating to the same subject matter as the '902 application," which is incorporated from Topic 1 through the definition of "SOI Appplications," is overbroad, vague and ambiguous, and renders the Topic unduly burdensome insofar as it seeks testimony not relevant to the claims or defenses in this action, may require the production of multiple witnesses, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Topic 3 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce a witness to testify about non-privileged matters concerning the decision to name Robert Falster as the sole inventor on United States Provisional Patent Application Serial No. 60/098,902 and United States Patent Application Serial No. 09/387,288.

TOPIC 4:

The prosecution of United States Provisional Patent Application Serial No. 60/041,845 and the prosecution of any US or foreign patent application relating to the same subject matter as the '845 application or claiming priority to the '845 application, including without limitation, United States Patent Application Serial No. 09/057,851, which issued as United States Patent No. 5,919,302. (Collectively, the "Bulk Silicon Applications".)

RESPONSE TO TOPIC 4:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Topic on the ground that the phrase "relating to the same subject matter as the '845 application" is overbroad, vague and ambiguous, and renders the Topic unduly burdensome insofar as it seeks testimony not relevant to the claims or defenses in this action, may require the production of multiple witnesses, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Topic 4 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce a witness

to testify about non-privileged matters concerning the prosecution of United States Provisional Patent Application Serial No. 60/041,845 and United States Patent Application Serial No. 09/057,851.

TOPIC 5:

Senniger Powers' procedures, in existence from September 2, 1998, until May 22, 2001, for complying with any duty of disclosure, incuding without limitation the disclosure of references, to the United States Patent and Trademark Office ("USPTO") in connection with the prosecution of patent applications pending before that agency.

RESPONSE TO TOPIC 5:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Topic on the ground that the phrase "any duty of disclosure" is overbroad, vague and ambiguous, and renders the Topic unduly burdensome insofar as it seeks testimony not relevant to the claims or defenses in this action and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Topic 5 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce a witness to testify about non-privileged matters concerning Senniger Powers' procedures for disclosing references to the United States Patent and Trademark Office in connection with the prosecution of United States Provisional Patent Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent Application Serial Nos. 09/387,288 and 09/057,851.

TOPIC 6:

The contribution of Robert A. Falster to each invention claimed in United States Patent No. 6,236,104.

RESPONSE TO TOPIC 6:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Topic to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Senniger Powers further objects to this Topic on the ground that it is unduly burdensome in that the testimony sought by SOITEC is more readily available from another source, e.g., Dr. Robert Falster.

TOPIC 7:

The contribution of each named inventor to each invention claimed in United States Patent No. 5,919,302.

RESPONSE TO TOPIC 7:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Topic to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Senniger Powers further objects to this Topic on the ground that it is unduly burdensome in that the testimony sought by SOITEC is more readily available from another source, e.g., the

named inventors of United States Patent No. 5,919,302.

### RESPONSES AND OBJECTIONS TO SUBPOENA *DUCES TECUM*

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Senniger Powers responds and objects to the Subpoena *Duces Tecum*.  Senniger Powers does not admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Subpoena *Duces Tecum* or any particular request therein, even where Senniger Powers has not otherwise objected to a particular request, or has agreed to provide documents responsive to a particular request.  In response to certain requests, Senniger Powers may specify a particular category or provide a general description of documents that will be produced in response to that particular request.  By doing so, Senniger Powers does not admit or imply that documents responsive to the request exist or have existed; rather, Senniger Powers merely undertakes to produce non-privileged documents within the specified category or the general description of documents, if any exist.  No incidental or implied admissions are intended by this response.  These responses should not be taken as an admission that Senniger Powers accepts or admits the existence of any facts set forth or assumed by any request.  Where Senniger Powers agrees to produce documents, the scope of the document production is limited to those documents that are located after conducting a reasonable search.

### GENERAL OBJECTIONS TO SOITEC'S DOCUMENT REQUESTS

1.    Senniger Powers objects to the Subpoena *Duces Tecum* on the ground that it is overbroad and unduly burdensome.

2.    Senniger Powers objects to the Subpoena *Duces Tecum* insofar as it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  By answering and producing documents in

response to the Subpoena *Duces Tecum*, Senniger Powers does not waive, intentionally or otherwise, any privilege, doctrine or immunity protecting its communications, transactions or records from disclosure.  Accordingly, any response or production inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

3.    Senniger Powers objects to the Subpoena *Duces Tecum* to the extent that it purports to impose obligations beyond those set forth by the Federal Rules of Civil Procedure.

4.    Senniger Powers objects to the Subpoena *Duces Tecum* to the extent that its seeks testimony concerning sensitive trade secret, confidential, or proprietary business information. Senniger Powers will provide such information only under the appropriate provisions of the Protective Order entered in this case.

5.    Senniger Powers objects to the Subpoena *Duces Tecum* for violating Federal Rule of Civil Procedure 45(a)(2)(C) and 45(c)(3)(A)(ii), by commanding MEMC to produce documents in Chicago, Illinois.  Subject to its objections and responses stated herein, Senniger Powers will agree to produce documents in St. Louis, Missouri, or at such other location that counsel for SOITEC and Senniger Powers may agree.

6.    Senniger Powers' failure to object to the Subpoena *Duces Tecum* on a particular ground shall not be construed as a waiver of its rights to object on that ground, or any additional ground, at any time.

## **OBJECTIONS AND RESPONSE TO SPECIFIC DOCUMENT REQUESTS**

DOCUMENT REQUEST NO. 1:

All documents relating to the SOI and Bulk Silicon Applications or any prosecution arising from any of those applications.

RESPONSE TO DOCUMENT REQUEST NO. 1:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request on the ground that the phrase "SOI and Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 1 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce relevant, non-privileged documents relating to the preparation and prosecution of United States Provisional Patent Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent Application Serial Nos. 09/387,288 and 09/057,851.

DOCUMENT REQUEST NO. 2:

All publications or other written matter reviewed in determining what materials to disclose as prior art in connection with any of the prosecutions of any of the SOI or Bulk Silicon Applications.

RESPONSE TO DOCUMENT REQUEST NO. 2:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request on the ground that the phrase "SOI or

Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 2 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce relevant, non-privileged documents relating to the prior art reviewed and disclosed in connection with United States Provisional Patent Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent Application Serial Nos. 09/387,288 and 09/057,851.

DOCUMENT REQUEST NO. 3:

All documentation evidencing the conception or reduction to practice of any invention claimed in any of the SOI or Bulk Silicon Applications or any patent issuing from those applications.

RESPONSE TO DOCUMENT REQUEST NO. 3:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request on the ground that the phrase "SOI or Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 3 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce relevant, non-privileged documents relating to the conception or reduction to practice of the inventions claimed in United States Provisional Patent Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent Application Serial Nos. 09/387,288 and 09/057,851.

DOCUMENT REQUEST NO. 4:

All documentation reviewed in determining the person or persons to be named as inventors on any of the SOI or Bulk Silicon Applications.

RESPONSE TO DOCUMENT REQUEST NO. 4:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request on the ground that the phrase "SOI or Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 4 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce relevant, non-privileged documents relating to inventorship of the inventions claimed in United States

13

Provisional Patent Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent

Application Serial Nos. 09/387,288 and 09/057,851.

DOCUMENT REQUEST NO. 5:

All documentation reviewed in connection with the preparation of any of the SOI or Bulk

Silicon Applications.

RESPONSE TO DOCUMENT REQUEST NO. 5:

Senniger Powers incorporates by reference its General Objections as though fully set

forth herein.

Senniger Powers further objects to this Request on the ground that the phrase "SOI or

Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and

renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims

or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible

evidence.

Senniger Powers further objects to this Request as cumulative to Request No. 1.

Senniger Powers further objects to Request 5 to the extent it seeks information protected

from discovery by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce relevant,

non-privileged documents relating to the preparation of United States Provisional Patent

Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent Application Serial

Nos. 09/387,288 and 09/057,851.

DOCUMENT REQUEST NO. 6:

All documentation reviewed in connection with the prosecution of any of the SOI or Bulk

Silicon Applications.

RESPONSE TO DOCUMENT REQUEST NO. 6:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request on the ground that the phrase "SOI or Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to this Request as cumulative to Request No. 1.

Senniger Powers further objects to Request 6 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce relevant, non-privileged documents relating to the prosecution of United States Provisional Patent Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent Application Serial Nos. 09/387,288 and 09/057,851.

DOCUMENT REQUEST NO. 7:

All billing records for services rendered by Senniger Powers to any person regarding the prosecution of any of the SOI or Bulk Silicon Applications.

RESPONSE TO DOCUMENT REQUEST NO. 7:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request as overbroad and unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to this Request on the ground that the phrase "SOI or Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 7 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

DOCUMENT REQUEST NO. 8:

All documents constituting, regarding, referring, or relating to any of Senniger Powers' procedures, in existence from September 2, 1998, until May 22, 2001, for complying with any duty of disclosure, including without limitation the disclosure of references, to the United States Patent and Trademark Office ("USPTO") in connection with the prosecution of patent applications pending before that agency.

RESPONSE TO DOCUMENT REQUEST NO. 8:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request on the ground that the phrase "any duty of disclosure" is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action and is not

reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 8 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce documents relating to Senniger Powers' procedures for disclosing references to the United States Patent and Trademark Office in connection with the prosecution of United States Provisional Patent Application Serial Nos. 60/098,902 and 60/041,845 and United States Patent Application Serial Nos. 09/387,288 and 09/057,851, to the extent such documents exist.

DOCUMENT REQUEST NO. 9:

All documents constituting, regarding, referring, or relating to any allegations that Senniger Powers committed inequitable conduct before the USPTO at any time.

RESPONSE TO DOCUMENT REQUEST NO. 9:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this topic on the ground the phrases "any allegations" and "at any time" is overbroad and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 9 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

DOCUMENT REQUEST NO. 10:

All documents constituting, regarding, referring, or relating to any allegations that any person identified as a named inventor on any of the SOI or Bulk Silicon Applications committed inequitable conduct before the USPTO at any time.

RESPONSE TO DOCUMENT REQUEST NO. 10:

Senniger Powers incorporates by reference its General Objections as though fully set forth herein.

Senniger Powers further objects to this Request as overbroad and unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to this Request on the ground that the phrase "SOI or Bulk Silicon Applications," as defined by SOITEC, is overbroad, vague and ambiguous, and renders the Request unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Senniger Powers further objects that the phrase "at any time" renders this Request overbroad and unduly burdensome insofar as it seeks documents not relevant to the claims or defenses in this action and is not reasonably calculated to lead to the discovery of admissible evidence.

Senniger Powers further objects to Request 10 to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving these objections, Senniger Powers will produce relevant, non-privileged documents relating to allegations of inequitable conduct with respect to United States Provisional Patent Application Serial Nos. 60/098,902 or 60/041,845 or United States

Patent Application Serial Nos. 09/387,288 or 09/057,851, to the extent such documents exist.


Dated:  July 9, 2007                         SENNIGER POWERS


                                             By: *Marc Vander Tuig*
                                                 Robert M. Evans, Jr. *(Pro Hac Vice)*
                                                 David W. Harlan *(Pro Hac Vice)*
                                                 Marc W. Vander Tuig *(Pro Hac Vice)*
                                                 One Metropolitan Square
                                                 16th Floor
                                                 St. Louis, MO 63102
                                                 (314) 231-5400
                                                 (314) 231-4342 (Fax)

                                             *Attorneys for MEMC Electronic Materials, Inc.*


**OF COUNSEL:**

CONNOLLY BOVE LODGE & HUTZ LLP
Paul E. Crawford (I.D. #493)
Patrician S. Rogowski (I.D. #2632)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
(302) 658-5614 (Fax)
pcrawford@cblh.com
progowski@cblh.com

## CERTIFICATE OF SERVICE

I, Marc W. Vander Tuig, hereby certify that on this 9th day of July, 2007, I served **NON-PARTY SENNIGER POWERS' RESPONSES TO PLAINTIFFS' SUBPOENA FOR DEPOSITION OF SENNIGER POWERS AND SUBPOENA *DUCES TECUM* TO SENNIGER POWERS** on the attorneys of record at the following addresses as indicated via e-mail and First Class U.S. Mail:

John L. Reed
Denise Seastone Kraft
EDWARDS ANGELL PALMER
    & DODGE LLP
919 North Market Street, 15th Floor
Wilmington, DE 19801
jreed@eapdlaw.com
dkraft@eapdlaw.com

George W. Neuner
Brian M. Gaff
EDWARDS ANGELL PALMER
    & DODGE LLP
101 Federal Street
Boston, MA 02110
gneuner@eapdlaw.com
bgaff@eapdlaw.com

Michael Brody
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
mbrody@winston.com

Marc W. Vander Tuig