1

LEXSEE 1996 U.S. DIST. LEXIS 20496


Caution
As of: Apr 14, 2008

JAMES STEVEN BRACKETT, Plaintiff, v. PROVIDIAN INSURANCE GROUP, INC. d/b/a COMMONWEALTH LIFE INSURANCE COMPANY, Defendant.

No. 3:95-cv-616

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION

*1996 U.S. Dist. LEXIS 20496; 72 Fair Empl. Prac. Cas. (BNA) 1026*

November 19, 1996, FILED

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff insured filed an action against defendant insurance company. The insured filed a motion to compel disclosure of certain items that were withheld by the insurance company on the basis of attorney-client and work product privilege, and the district court initially denied the motion to compel.

**OVERVIEW:** The materials sought were notes of interviews that were made by representatives of the insurance company as they interviewed the insured about some sexual harassment claims. The court noted that voluntary disclosure to a third party of purportedly privileged communication was inconsistent with an assertion of the attorney-client privilege. The court found that the insurance company revealed the substance of the communications that took place between the insured and the insurance company's representative. The court held that the insurance company could not disclose what it said was a summary of the communication and then withhold the remainder as privileged. The court noted that the attorney-client privilege was construed narrowly and ordered the disclosure.

**OUTCOME:** The court ordered the insurance company to disclose the requested materials because any attorney-client privilege had been waived by disclosure to a third party.

**LexisNexis(R) Headnotes**

*Evidence > Privileges > Attorney-Client Privilege > General Overview*
*Legal Ethics > Client Relations > Confidentiality of Information*
[HN1] Voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the attorney-client privilege.

*Evidence > Privileges > Attorney-Client Privilege > General Overview*
*Legal Ethics > Client Relations > Confidentiality of Information*
[HN2] The attorney-client privilege is construed narrowly.

**COUNSEL:** [*1] For JAMES S BRACKETT, plaintiff: David A Burkhalter, II, Burkhalter & Windle, PC, Knoxville, TN.

For PROVIDIAN AGENCY GROUP, INC. dba Commonwealth Insurance Company, defendant: Richard W Krieg, Lewis, King, Krieg, Waldrop & Catron, P.C., Knoxville, TN.

**JUDGES:** Robert P. Murrian, UNITED STATES MAGISTRATE JUDGE

**OPINION BY:** Robert P. Murrian

Case 1:05-cv-00806-GMS-MPT   Document 119-2   Filed 04/14/2008   Page 3 of 4

Page 2

1996 U.S. Dist. LEXIS 20496, *; 72 Fair Empl. Prac. Cas. (BNA) 1026

**OPINION**

***ORDER***

A hearing was held on November 15, 1996, in which the undersigned heard arguments on plaintiff's motion to compel disclosure of certain items withheld by defendant on the basis of attorney-client and work product privilege. On November 18, 1996, two telephone conferences were held with counsel in which the undersigned advised counsel that disclosure of items 1.d, 1.e, and 3 of defendant's Index of Withheld Materials would be reconsidered. Plaintiff's motion to compel their production was denied on November 15, but, upon further reflection, the undersigned is of the opinion that they are discoverable for the reasons stated below.

At issue here are May 11, 1994, and September 1, 1994, notes of interviews which were made by representatives of defendant as they interviewed plaintiff about the sexual harassment claims of Kathy Boling Franklin, [*2] Michelle Caldwell and Angela Phillips.

[HN1] "Voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the [attorney-client] privilege." *Westinghouse Electric Corp. v. Republic of the Philippines, 951 F.2d 1414, 1424 (3rd Cir. 1991)*, cited with approval in *In Re Grand Jury Proceedings October 12, 1995, 78 F.3d 251, 254 (6th Cir. 1996)*.

In this case, defendant states in paragraph 34 of its answer that the affidavit presented to plaintiff in May, 1995 which he refused to sign "*reflects* plaintiff's *prior statements* concerning the Caldwell, Franklin and Phillips sexual harassment lawsuits. . . . " (emphasis added). That unexecuted affidavit is Exhibit 4 to the complaint. Such prior statements refer to the May 11, 1994, interview with Mr. Fleming and the September 1, 1994, interview of plaintiff by Mr. Jabaley and Mr. Fleming. (Items 1.d, 1.e, and 3 of defendant's Index of Withheld Materials).

Mr. Jabaley executed an affidavit in response to plaintiff's Interrogatory No. 3, First Set, "which summarizes the [September 1, 1994] discussion between plaintiff and Mr. Jabaley." In Mr. Jabaley's recent [*3] deposition, he testified without objection that this affidavit was a fair representation of the September 1, 1994, interview.

Thus, defendant has revealed the substance of the *communications* which it says took place between plaintiff and representatives of defendant on May 11, 1994, and September 1, 1994. By revealing to plaintiff a summary of the communications which occurred on September 1, 1994, defendant waived the attorney-client privilege. See *In Re Grand Jury Proceedings October 12, 1995, 78 F.3d at 254*; *In Re Dayco Corp. Derivative Securities Litigation, 99 F.R.D. 616, 619 (S.D. Ohio 1983)*. It does not matter that the affidavit presented to plaintiff to sign was not signed. Defendant continues to represent that it contained the truth about what plaintiff had told defendant. Answer, P 35. The defendant has therefore made the unsigned affidavit its version of the *communications* between plaintiff and its representatives on May 11, 1994, and September 1, 1994. Defendant has gone further and put into the record Mr. Jabaley's version of the September 1, 1994, communications, or at least a portion of them. By relying on the substantive content of those communications [*4] in this litigation and summarizing what occurred in those communications by means of the affidavit which plaintiff would not sign (but which defendant says contains true statements) and by relying on Mr. Jabaley's affidavit in response to the interrogatory, defendant has waived any claim of attorney-client or work product privilege to the following items: 1.d, 1.e, and 3.

Defendant simply cannot disclose what it says is a summary of the communications or a significant part of the May 11, 1994, and September 1, 1994, communications between plaintiff and representatives of defendant and withhold the remainder as privileged. *In Re Grand Jury Proceedings October 12, 1995, 78 F.3d at 254*. [HN2] The attorney-client privilege is construed narrowly. *Fausek v. White, 965 F.2d 126, 129 (6th Cir. 1992)*.

For the reasons indicated, defendant is **ORDERED** to disclose to counsel for plaintiff forthwith the following:

> Item 1.d Handwritten notes dated May 11, 1994 memorializing Zel Fleming's conversation with Steve Brackett regarding Andy Shelton.
>
> Item 1.e Handwritten notes dated September 1, 1994 memorializing Zel Fleming's conversation with Steve Brackett and Attorney Gerard [*5] Jabaley regarding Andy Shelton and his interaction with Kathy Boling Franklin.
>
> Item 3. Handwritten notes taken by Attorney G. Gerard Jabaley during September 1, 1994 meeting with Steve Brackett and Zel Fleming.

**IT IS SO ORDERED.**

ENTER:

1996 U.S. Dist. LEXIS 20496, *; 72 Fair Empl. Prac. Cas. (BNA) 1026

Robert P. Murrian                                  UNITED STATES MAGISTRATE JUDGE